### ROBERTS v. BOARD OF PUBLIC INSTRUCTION FOR BROWARD COUNTY, FLA.

No. 9381.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1940.

Geo. W. Wylie and Stuart B. Warren, both of St. Petersburg, Fla., for appellant.

Julian E. Ross and John D. Kennedy, both of Fort Lauderdale, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging that it is a body corporate under the laws of Florida and a taxing agency or instrumentality within, and entitled to file its petition under, the invoked section, appellee invoking Title 11, Sections 401–403, U.S.C.A., filed its petition for composition of its debts. An order was entered approving the petition, providing for notice to creditors and filing of claims, and fixing a hearing. Appellant appeared in objection to the proceeding and to granting petitioner the relief prayed on the ground, among others, that petitioner is not a school district or school authority within the terms of the Municipal Bankruptcy Act, but it is a county wide taxing agency, and as such is a .county instrumentality and branch of the sovereignty of the state. This objection overruled, he appeals. Here, notwithstanding the provision of Section 401, that courts of bankruptcy shall exercise original jurisdiction for the composition of indebtednesses of "public-school districts or public-school authorities organized or created for the purpose of constructing, maintaining, and operating public schools or public-school facilities," he insists that petitioner is a political subdivision of the state and does not come validly within its terms.

Appellee, in addition to objecting that this position raises a constitutional question for the first time on appeal and that it is too late to raise it here, disputes appellant's position as wholly without merit. Assuming without deciding that the constitutional question appellant raises is properly before us, we think it clear that there is no more merit in it than in the .

one raised below that petitioner is not within the statute, a school authority.

Appellee is a "public school authority," created and organized for the purpose of instructing, maintaining and operating public schools or public school facilities. Section 523, C.G.L.Fla.1927, provides that every Board of Public Instruction is constituted a body corporate by the name of the Board of Public Instruction for the County of the State of Florida and in that name, may acquire and hold real and personal property, receive bequests and donations and perform other acts for corporate and educational purposes. While Section 561, setting out in full detail the board's duties, shows them to be: to hold title to property possessed or acquired or held by the county for educational purposes; to locate and maintain schools in the counties, provide sites for them and generally perform all acts, reasonable and necessary for the promotion of education in the counties and the general diffusion of knowledge among the citizens. In none of the acts is the Board of Public Instruction referred to as a political subdivision of the State of Florida. It is constituted to be and is operated as a school authority for the purpose of instructing, maintaining and operating public schools and public school facilities, and in doing these things, it is authorized to incur debts, funded and otherwise, and it has done so.

In name and in plight, it comes directly within, both the remedial purpose and the precise terms of the statute it invokes. Nor is there any constitutional objection in the way of its obtaining the relief it asks. As the invoked statute is now drawn, to permit the voluntary as opposed to the involuntary, adjustment and re-arrangement, by composition, of the indebtednesses of school districts, school authorities, municipalities and other taxing districts, it has been finally and sweepingly held to be, valid and enforceable. United States v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137; Supreme Forest Woodmen Circle et al. v. City of Belton, 5 Cir., 100 F.2d 655; Getz v. Edinburg Consolidated Independent School District, 5 Cir., 101 F.2d 734.

As was pointed out in the City of Belton case, it is not at all material whether a particular district or municipality seeking relief by composition, be or be not regarded as a political subdivision of the state for governmental purposes. What is of significance is that the act under which the proceedings are being conducted concerns itself with school and other taxing districts and with municipalities in their capacities as debtors and not in their political capacities as political subdivisions of the state for governmental purposes, and that it concerns itself with them as debtors not compulsorily nor by way of interference with them, but only upon their own invocation as an aid and assistance to them and their creditors.

In determining the scope of the different sections and whether a particular petitioner comes under them, the question of whether it is a political subdivision is quite unimportant. Without distinction on this ground, all of those named in the act as authorized to apply for composition, are entitled to do so. The act does indeed provide in Section 403, subsection c, Title 11 U.S.C.A., that in the carrying out of the plan the order of the court putting it into effect shall not interfere with (a) any of the political or governmental powers of the petitioner, or (b) any of the property or revenues of the petitioner necessary for essential governmental purposes. But this provision only emphasizes that the fact that a petitioner may have and exercise political or governmental powers, does not at all prevent it from applying for relief by composition. If, therefore, appellee were, as appellant contends, a political subdivision of the State of Florida, this would not avail appellant. But, we do not think it is such a subdivision. The Florida statutes do not so provide, the decisions do not so hold. Each of the decisions appellant relies on was decided on its particular facts and is authority only for the particular point there involved. None of them raised, none decided the question presented here, whether the Board of Public Instruction was a political subdivision of the state and as such, unable to invoke the Municipal Bankruptcy Act. In First National Bank of Gainesville v. Board of Public Instruction for Lafayette County, 93 Fla. 182, 111 So. 521, 524, the court said: "It has been strenuously argued in this case that no suit will lie against a board of public instruction of a county, because there is no specific legislative authority authorizing such boards to sue and be sued. It is contended that the board of public in-

struction of the county is merely a branch of the sovereignty of the state itself. We take the contrary view." Article 8, Sec. 1, Constitution of Florida, provides, that "the State shall be divided into political divisions to be called counties," while Section 2 provides, "the several counties as they now exist are hereby recognized as the legal political divisions of the State." The constitution nowhere provides that municipalities, school districts, school authorities or other taxing or debt creating districts, are political subdivisions, and if there were any force in the position that a political subdivision of a state could not invoke the bankruptcy power, appellant could not avail of it, for appellee while an agency of, is in no sense, a county.

The order appealed from was rightly entered. It is affirmed.

Affirmed.