## WRIGHT et al. v. BOARD OF PUBLIC INSTRUCTION FOR BROWARD COUNTY, FLA.

No. 10607.

Circuit Court of Appeals, Fifth Circuit.

May 8, 1944.

Rehearing Denied June 5, 1944.

578

Miller Walton and S. O. Carson, both of Miami, Fla., for appellant.

Julian E. Ross, of Fort Lauderdale, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

In a municipal bankruptcy composition whereby the old bonds of the debtor were to be exchanged for new bonds with later maturities and less interest rates, the ap-

pellant Ed C. Wright,* owning thirteen of the bonds of one of the issues, offered a proof of them as debts to be affected by the composition. Objection was made that these bonds were not included in the composition, and also that they had been adjudicated to be invalid in a suit by Turner, trustee, a former owner of them. The petition and list of claims to be affected was then amended so as to omit all reference to these thirteen bonds. Wright did not appear before the master, to whom the proofs of all claims were referred, to defend these bonds, because, as he alleges, he understood them to be eliminated. The master however, reported them "disallowed as void bonds". Wright took no exceptions, and the judge on a hearing in which again Wright did not appear, overruled all exceptions to the master's report, and in some findings of his own said as to these bonds, after referring to the Turner case, "The holders of such bonds and coupons cannot recover against the petitioner, and such bonds and coupons are not refundable hereunder". The judge then signed an interlocutory decree confirming the plan proposed, on March 6, 1940. On Oct. 9, 1940, Wright filed a motion in which he stated that the petitioner not only amended its pleadings, but at the hearing before the master stated that these bonds were not included in and would not be affected by the plan of composition, and relying on this he had not followed the matter further; but that an interlocutory injunction was of force against the prosecution of any suits against petitioner, so an order was prayed to permit him to file a suit on these bonds in the State court to determine the liability therein without violation of the injunction, and that it be recited that they were not affected by the composition. There was a hearing of some sort on this motion and an order made that "The Court being of the opinion that the restraining order should not be lifted, it is thereupon ordered and adjudged that the motion be denied", dated Oct. 18, 1940. Certain other litigation having been concluded, notice of a final hearing and decree in the case was given. Before the decree was signed on Dec. 12, 1941, Wright made a petition under oath, which stated that of the thirteen bonds in controversy three, describing them, were pur-

* The bonds were at first owned by Ed C. Wright and Company and were transferred to Ed C. Wright pending the proceedings. The change in ownership is ignored as not presently important.

chased in open market by him before maturity, for a valuable consideration, and without notice of any defects or infirmities therein or defenses thereto, and he was the bona fide holder of them in due course; the remaining ten bonds were also purchased for a valuable consideration and without notice of any defenses, though it is not said these were bought before maturity. The petition states that in reliance on the petitioning debtor's objection that these bonds would not be affected by the composition he had not pressed his proof of them as claims, and was not aware of the proceedings purporting to determine them to be invalid till after the proceedings had culminated, and his failure to introduce evidence or argue his claim was due to mistake and inadvertence and error. The court was prayed to state in the final decree that these bonds were not included in or affected by the plan of composition or decree, with a provision vacating any injunction against bringing suit on them; or in the alternative to permit him to litigate in the bankruptcy court the validity of the bonds. The final decree was entered, but with express reservation of jurisdiction to determine the matters raised in the petition and do what was equitable and just. Testimony was later taken on the petition, but on Oct. 23, 1942, without considering the evidence, the court took the petition under advisement on a question of law only, and held that the matters raised had been determined by the interlocutory decree of March 6, 1940, and by the denial of the motion on Oct. 18, 1940, and it refused for that reason all relief. Appeal is taken from this judgment.

■ We think the court was in error in esteeming itself cut off by the judgments mentioned from investigating the merits of this petition. The denial of the motion on Oct. 18, 1940, was only a refusal to modify an interlocutory injunction. It merely maintained the status, and denied Wright permission at that time to go elsewhere with his troubles. Being an exercise of discretion, we doubt if this judgment could have been successfully reviewed. The interlocutory decree of March 6, 1940, operated to confirm the master's disallowance of the claim filed on these bonds, and the findings of the judge indicate that he thought Turner's suit made their invalidity res judicata. The disallowance of a claim in bankruptcy is of course a judicial act, so far final as to admit of appeal, and constitute a thing adjudged if appeal be not taken. But a bankruptcy court is not wholly precluded by failure to take an appeal from reconsidering either the allowance or the disallowance of a claim so long as the cause remains under its control. The general Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(2), gives jurisdiction to "allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates." In Wayne United Gas Co. v. Owens-Illlinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, it was held that a court of bankruptcy has no terms, and can vacate even a final decree in its sound discretion though the time for appeal has expired. This power in the bankruptcy court was recognized by this court in Wragg v. Federal Land Bank, 5 Cir., 125 F.2d 1003. We are of opinion that this bankruptcy court has jurisdiction in its discretion, if justice and equity so require, to reconsider the disallowance of the proof of claim on these bonds, or to release this claimant from the injunction against a suit on them if it be true that the claim is unaffected by the composition.

■ These considerations suggest themselves to us as pertinent. The petitioner for composition got dollar for dollar for these thirteen bonds, just as it did for the others. These bonds have never been paid. They were as valid as any others at the filing of this proceeding unless defeated by the Turner judgment. That judgment was not rendered in a suit on the bonds, which were not then due, but the claim alleged was that the bonds were unconstitutional and void and that Turner was entitled presently to get back what he paid for them. The verdict and judgment adjudicated that Turner could not get his money back, but on their face did not expressly adjudicate that the bonds were void. If the law had been then properly understood and charged to the jury, the instruction would have been that the bonds were valid, (as it is now known they are), and for that reason Turner must keep the bonds and could not recover then his money. But under a mistake of law the parties had stipulated as a fact that the bonds were void. The judge went further and charged the jury that the violation of the Constitution in issuing the bonds was a delictum that the parties were in pari delicto, and for that reason Turner could not recover. A correct judgment was thus reached for a wrong reason. On appeal this court did not look into the rea-

sons for the judgment, but affirmed it for lack of a bill of exceptions. Turner v. Board, 5 Cir., 75 F.2d 147. Since the Turner case was not a suit upon the bonds, there is no res judicata in the proper sense. Whether there is an estoppel by judgment, or in pais, because of the stipulation that the bonds were invalid, Turner having gained no advantage by taking that position, is a question which it seems to us merits careful consideration. Furthermore, if there be an estoppel, there is the question, apparently not yet considered, whether such a defense is good against a bona fide holder for value before maturity of three of the bonds.

■ The affirmance by this court of the interlocutory decree of March 6, 1940, was on the ground that the appellant, Roberts, had no standing to appeal. No opinion was expressed as to any of the questions now raised. Roberts v. Board, 5 Cir., 117 F.2d 943. It ought not to preclude a reconsideration of the claim of Wright, the part of the decree disallowing his claim on these bonds not having been challenged or reviewed.

There is also the question whether, after the petitioner amended the petition for composition so as to exclude these bonds from the debts to be composed, the master and judge had authority to pass upon the validity of them as claims in this proceeding. We make no ruling upon any of these suggested questions. Our holding is that the district court had and still has power to consider or reconsider them and to grant such relief as in its discretion ought to be granted.

The judgment is accordingly reversed and the cause remanded for further proceedings consistent with this opinion.

McCORD, Circuit Judge (dissenting).

Ed C. Wright presented his bonds to the court and long ago they were declared null and void. He did not appeal, but left the decision of the court standing for several years, and to permit him to come in now and litigate again the question of the validity of these bonds grants to him rights and privileges which the law denies to other litigants. The issue as to his bonds and their validity has been set at rest and his day in court died with his consent and approval, since he did not appeal that case.

I respectfully dissent.