## WRIGHT v. BOARD OF PUBLIC INSTRUCTION FOR BROWARD COUNTY, FLA.

### No. 11209.

Circuit Court of Appeals, Fifth Circuit.

April 6, 1945.

Rehearing Denied May 4, 1945.

368

Miller Walton and Edwin L. Hubbard, both of Miami, Fla., for appellant.

Julian E. Ross, of Fort Lauderdale, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Tedious as an oft told tale, this litigation, concerning some phase or another of the same thirteen bonds, is now on its fifth appearance in this Court.[1] A part of the snarl in which the case is enmeshed grew out of two pronouncements by the Supreme Court of Florida, in the first of which it was held that bonds similar to those issued by the Board of Public Instruction of Broward County were void; but in a subsequent decision it was held that such bonds were not void. But between the date of the first decision and the second, Turner, the owner of the bonds here in controversy, and predecessor in title of Appellant, with all good right, deeming that his bonds were invalid, and in recognition and in admission of such invalidity, filed suit on the implied, as distinguished from the express, obligation, for the return of the purchase price of said bonds. He lost his suit but he and his successors in title have in no wise lost their persistency in trying to collect under one or the other of these decisions. The Appellant [meaning herein either Ed. C. Wright, the individual, Ed. C. Wright & Company, his corporation, or those in privity with Wright, wherever accuracy of statement so requires] has exhibited something of the persistency of Jacob in his struggle to obtain Rachel, the daughter of Laban. Moreover, according to the decision of this Court reported in 117 F.2d 943, Appellant's connection with an effort to deceive the Court as to the ownership of the coupons originally attached to these and other bonds, through the device of having Roberts, his agent, voice the claim that the coupons were his when in reality they belonged to Wright,

[1] Turner, as Trustee v. Board of Public Instruction of Broward County, 5 Cir., 75 F.2d 147; Roberts v. Board of Public Instruction for the County of Broward, 5 Cir., 112 F.2d 459; Roberts v. Board of Public Instruction for the County of Broward, 5 Cir., 117 F.2d 943; Wright v. Board of Public Instruction for the County of Broward, 5 Cir., 142 F.2d 577.

was also Jacobesque, and calls to mind the voice-of-Jacob-but-the-hands-of-Esau episode described in Genesis.

In the course of time the Board of Public Instruction of Broward County, finding that it had taken on such a load of debt that, like the jumping frog of Calaveras County, it could no longer hop, resorted to municipal bankruptcy for de-weighting, and believing that the Turner suit had adjudged the bonds to be invalid and no longer an obligation of the Board, did not propose, in its plan of composition, to refund the bonds nor to pay nor to compose any obligation thereon. It insisted that the bonds were invalid and that the Turner suit had finally so adjudged, with the result that the special master in the bankruptcy proceedings reported that the bonds were "disallowed as void bonds." The District Judge, approving the master's report, to which report there was no exception by Appellant, decreed that "the holders of such bonds and coupons cannot recover against the petitioner, since the bonds and coupons are not refundable hereunder." Appellant Wright at least twice thereafter moved the Court: (1) To include in the final decree in municipal bankruptcy a statement that the thirteen bonds, and the unpaid interest coupons originally annexed thereto, and the right or rights of Appellant, "were not, have not been, and shall not be, affected by the plan of composition" or by any decree therein; (2) to include in the final decree a provision vacating any injunction or restraining order enjoining or restraining the institution or prosecution of a suit on said bonds and the unpaid interest coupons originally annexed thereto; (3) in the alternative, to withhold the entry of a final decree and to permit Appellant to litigate in that cause the validity of said bonds and the interest coupons annexed thereto. Those motions were eventually denied because the District Judge was of the view that the matters had been determined by prior interlocutory orders and decrees of the Court in the bankruptcy proceeding. On appeal this Court reversed [Wright v. Board of Public Instruction, 142 F.2d 577], holding: (1) That the Turner suit was not res judicata as to the validity of the bonds; (2) that while the disallowance of a claim in bankruptcy admits of an appeal, a bankruptcy court is not precluded by failure to take an appeal from reconsidering the disallowance of a claim so long as the cause remains under its control; (3) the bankruptcy court still had jurisdiction "in its discretion, if justice and equity so require, to reconsider the disallowance of the proof of the claim on these bonds or to release this claimant from an injunction against a suit on them if it be true that the claim is unaffected by the composition"; (4) the bonds were valid and had never been paid; (5) the affirmance by the Circuit Court of Appeals of the interlocutory decree in the Roberts case, reported in 117 F.2d 943, was on the ground that Roberts had no standing to appeal and that this holding ought not to preclude a reconsideration of the claim of Wright since that part of the decree which disallowed his claim had not been challenged in the Roberts appeal.

This Court, without meaning to exclude any other pertinent matters, expressly left undetermined, for future consideration by the District Court, the following questions: (1) Whether there was an estoppel by judgment or in pais because of the admissions in the Turner suit that the bonds were invalid; (2) if there was such an estoppel, whether such a defense is good against Wright as a bona fide holder for value at maturity of three bonds of Appellant which were in the Turner suit; (3) whether after the petition for composition was amended so as to exclude appellant's bonds from the debts to be composed, the master and judge had authority to pass upon their validity as claims in the bankruptcy proceeding. This Court also held that the District Court still had the power to consider or reconsider the suggested questions and to grant such relief as in its discretion ought to be granted.[2]

And so the case went back to the District Court, but between the dates of the filing of the motions of Appellant to have the injunction lifted so that he might sue on his bonds, or to have his rights adjudicated by the court of bankruptcy, and the decision of this Court, the plan of composition was finally approved and fully completed with no provision therein to refund the bonds of Appellant, nor to pay, nor to compose, his indebtedness.

The District Judge, after the case got back, held: (1) That the plan of composi-

2 For a fuller discussion of the facts, see the opinion in Wright v. Board of Public Instruction, 5 Cir., 142 F.2d 577.

tion was intended by the Board to adjust all of its bonded indebtedness; (2) that jurisdiction does exist and that this Court should proceed in this case to determine the matter of the recovery by Mr. Wright on the bonds involved; (3) that the stipulation in the Turner suit that the bonds were invalid created no estoppel by judgment or in pais such as would affect the Appellant to have his rights determined in the bankruptcy proceeding, but that the stipulation in the Turner suit was limited to its effect in that litigation; (4) that Mr. Wright is not barred nor estopped from proceeding in this case to litigate the matters reserved in paragraph 10 of the decree of December 12, 1941, to-wit: (a) whether bonds numbered 66–78 inclusive and the unpaid interest coupons originally annexed thereto are valid or invalid; (b) whether such bonds and coupons are affected by the plan of composition or proceedings herein; (c) the rights of the holder of said bonds and coupons; (d) the jurisdiction to enforce such rights, if any, as well as the manner of such enforcement; "all as the Court may deem equitable and just"; (5) that the application of counsel for the Board to present evidence on the reserved matters should be [and was] granted and that all other matters would be held in abeyance for the time being.

From the foregoing rulings Mr. Wright again appeals, asserting: (1) That the District Court erred in adjudging that it had jurisdiction to decide whether or not Wright can recover on the thirteen bonds; and (2) that even if the District Court has jurisdiction to so decide it should do so as a matter of law, and that it erred in granting permission to the Board to present additional evidence.

■ Sec. 403, sub. a, Title 11, U.S.C.A., provides that if any controversy arises as to whether or not the interest of any creditor is materially affected by the plan of composition "the issue shall be determined by the judge," etc. Under the municipal bankruptcy statute, therefore, the judge had jurisdiction to determine whether or not Appellant's bonds were affected by the plan, and this Court held in its opinion in 142 F.2d 577 that the Court below had not lost jurisdiction to pass upon the issue of whether or not the bonds were affected by the plan. The effect of the plan upon the interest of a creditor, rather than the intent of the bankrupt, is a controlling factor in settling such an issue. Moreover, the motions of Appellant on which the adverse order appealed from was entered requested the Court, in the alternative, to withdraw the entry of a final decree and to permit Wright to litigate in the bankruptcy Court the validity of his bonds. With the exception of the withdrawal of the final decree he is getting what he asked. The failure of the Court to pass upon these questions was considered by this Court to be erroneous, but since the case has been remanded there now appears to be no good reason why the District Judge may not pass on this question irrespective of any present inability to include Appellant's bonds in a plan of composition which has been fully completed. If the Court should hold that the bonds of Appellant, which now are held to be valid, were not included in the plan to be either composed, refunded, or paid, it would then seem that his interests were not included in, nor affected by, the plan, and that the orders made in the bankruptcy proceedings relative to such bonds would not preclude Appellant from the pursuit of any judicial remedies that he might have outside of the municipal bankruptcy proceedings, and in such an event the Court below would doubtless modify its injunction prohibiting suits against the District to the extent that Wright might be permitted to sue in an appropriate court for the principal of said bonds. Appellant's first specification of error is, therefore, without merit.

The second specification is likewise.

■ On the last appeal this case was remanded to the discretion of the Court so that "if justice and equity should require" it could reconsider the disallowance of the claim or release the claim from the injunction against a suit on it. In a proceeding that calls for the exercise of judicial discretion the Court should not be unduly restricted in receiving evidence if, in its discretion, it deems it appropriate, and while it has now been determined as a matter of law that the bonds were not void, and while the lower Court has now held that the admissions in the Turner suit do not constitute an estoppel by judgment or in pais in the present suit, it still has a right to inquire, among other things, whether:

(1) The failure of Appellant to except to the special master's report as to the invalidity of the bonds; or

(2) The failure to present such exceptions to the District Judge; or

(3) The failure to appeal from the order of the District Judge adjudging that the holder of such bonds and coupons could not recover and that the same were not refundable;

reveal such a lack of vigilance as to persuade the Court that justice and equity do not now require a reconsideration of the disallowance of the proof of Appellant's claim, or the release of claimant from the injunction against a suit on the bonds.

■ It is also noted that Appellant's claim is not only for the bonds but for the interest coupons originally attached thereto. For aught that now appears, he is still claiming the right to recover some of the same interest that Roberts claimed to have. So, involved in the issues now before the lower Court is the question of whether or not Appellant is estopped to claim a right to recover on the interest coupons originally attached to the said bonds in view of the assertions in the bankruptcy proceedings and before this Court [see 117 F.2d 943.] that Roberts, a person in privity with Wright, or an agent of Wright, was the owner of these coupons. Concerning this the Court below may receive evidence as to whether or not Wright is now estopped to insist upon the right to collect interest coupons heretofore asserted to have been the property of Roberts, under a transfer deemed by the Court to have been colorable.[3] The burden of explaining the inconsistencies and of establishing the integrity and consequent equities of his position is upon Appellant if he now continues to assert the right to collect on the interest coupons.

■ It is appropriate that the Court that made the pronouncements as to the invalidity, non-recoverability, and unrefundability of these bonds should first be re-

sorted to for any correction or clarification of such pronouncements, for if the lower Court should later hold [as it logically may, in view of the fact that the plan of composition has been fully executed] that Appellant has the right to proceed by suit in another forum, it is highly essential to its prosecution that the suit be not adjudged to be in the nature of a collateral attack upon the aforementioned adjudications of the court in bankruptcy.

We are unable to discern as yet any abuse of discretion by the lower Court in the order from which this appeal has been taken.

Affirmed.

---

[3] In the Roberts Case [117 F.2d 943, text 946] this Court said:

"For his situation is the result of concert with, and attempted artifice in the interest of, Wright & Company, to block, by appealing to equity, what they could not legally prevent, in order to extort recognition of their bonds which had been adjudged invalid. Proceedings in bankruptcy are ruled by equitable considerations, and the invoked provision of the act, that a plan must not discriminate unfairly in favor of any creditor or claims of creditors, has no application to this case. Compositions of all kinds, under the original Bankruptcy Act, and as provided for in the later acts, are grounded on considerations of the purest equity and proceedings under statutes authorizing them have always required openness and fairness of dealing. Particularly are secret dealings and arrangements between creditors or between creditors and bankrupt to obtain advantage over other creditors, condemned."