**LUDVIG C. CHRISTENSEN, CYRIL V. FRANCOIS, VIRGIN ISLE HOTEL, INC. (a corporation), and RALPH SCHNEIDER,**
Petitioners
v.
**ROSS DONOVAN, Alleged Bankrupt**

Bankruptcy No. 1 — 1958

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 17, 1958

*See, also, 163 F. Supp. 892*

Cox and Bornn, Charlotte Amalie, Virgin Islands, *for petitioning creditors*

James A. Bough, Charlotte Amalie, Virgin Islands, *custodial receiver*

BIGGS, *Circuit Judge*

An involuntary petition in bankruptcy was filed against Ross Donovan on May 6, 1958. The question presented is whether the National Bankruptcy Act, 11 U.S.C. § 1 et seq., as amended, is presently applicable in the Virgin Islands or in other words, is the District Court of the Virgin Islands a "court of bankruptcy"? The Virgin Islands, acquired by cession from Denmark in 1917, 39 Stat. 1706 (prec. 1 V.I.C.), was described as an "insular possession" of the United States by section 2 of the Organic Act of the Virgin Islands of 1936, 49 Stat. 1807 (prec. 1 V.I.C.), 48 U.S.C. § 1405 et seq. Whether or not the Virgin Islands was constituted an "organized territory" of the United States by the Organic Act of 1936 does not have to be decided for it is clear that R.S. section 1891,[1] which provided

---

[1] See R.S. section 1891, Title XXIII, c. 1, "The Territories". In the view that we take it is not necessary to discuss the meaning of the phrase "within the United States" used in the section.

that the Constitution and all laws of the United States which were not locally inapplicable, should have force and effect within all organized territories or territories thereafter organized was omitted from the United States Code in 1926 and formally repealed in 1933, 47 Stat. 1428. Cf. Granville-Smith v. Granville-Smith, 1955, 349 U.S. 1, 7-13, 3 V.I. 701, 75 S. Ct. 553, 99 L. Ed. 773. Nor is it necessary to discuss or determine the general status of the Virgin Islands under the Revised Organic Act of 1954, 68 Stat. 497 (prec. 1 V.I.C.), 48 U.S.C. § 1541 et seq., in order to decide the issue presently before the Court.

Section 1(10) of the Bankruptcy Act, as amended, 11 U.S.C. § 1(10), provides that: " 'Courts of bankruptcy' shall include the United States district courts and the district courts of the Territories and possessions to which this title is or may hereafter be applicable." This provision came into the Bankruptcy Act for the first time by the Act of July 7, 1952, 66 Stat. 420, and became effective three months after the latter Act's approval, viz., on October 7, 1952. See section 57 of the Act of July 7, 1952, 66 Stat. 438.

Section 22 of the Revised Organic Act of the Virgin Islands of 1954, 68 Stat. 506 (prec. 1 V.I.C.), 48 U.S.C. § 1612, provides that "The District Court of the Virgin Islands shall have the jurisdiction of a district court of the United States in all causes arising under the . . . laws of the United States . . . ." This Act became effective on the date of its approval, viz., on July 22, 1954, except as to provisos not here pertinent.

In view of the foregoing I conclude that Congress intended to grant and did grant the District Court of the Virgin Islands the same powers of determination and adjudication in respect to causes arising under the laws of the United States as is possessed by the United States district courts described and defined in sec-

tion 451, Title 28, United States Code, and since causes arising under the National Bankruptcy Act are indubitably cases arising under the laws of the United States there can be no question that the District Court of the Virgin Islands possesses the power to determine and adjudicate cases cognizable under the National Bankrupty Act, as amended, as if it were a United States district court. And, when its jurisdiction is properly invoked, as here, it must do so. What Congress accomplished by section 22 of the Revised Organic Act of 1954 was an enlargement of the jurisdiction of the District Court of the Virgin Islands over that granted it by section 28 of the Organic Act of 1936, 49 Stat. 1814 (prec. 1 V.I.C.), 48 U.S.C. § 1406, and the eight classes of cases set out therein. Since the District Court of the Virgin Islands possesses the jurisdiction, the power, to determine and to adjudicate bankruptcy cases it is a court of bankruptcy. [2],[3].

Our view in this connection is confirmed by section 25 of the Revised Organic Act (prec. 1 V.I.C.), 48 U.S.C. § 1615, 68 Stat. 507, which provides: that "The rules of practice and procedure heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to . . . [Section 30 of the Bankruptcy Act] in bankruptcy cases, shall apply to the District Court of the Virgin Islands . . . ."

Section 30 of the Bankruptcy Act, section 53, Title 11 U.S.C., provides: "All necessary rules, forms, and orders as to procedure and for carrying the provisions of this Act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

[2] See Collier on Bankruptcy (14th Ed., 1956), Section 1.10, pp. 66–70, and specifically note 22, "Applicability of the Bankruptcy Act in the Virgin Islands", cited to the text at p. 67.

[3] As to the origin of the term "court of bankruptcy" see Collier, op. cit. supra. at p. 68. See Williams v. Austrian, 1947, 331 U.S. 642, 67 S. Ct. 1443, 91 L. Ed. 1718. Cf. Lathrop v. Drake, 1875, 91 U.S. 516, 23 L. Ed. 414.

■ Examination of the General Orders in Bankruptcy (5 V.I.C. App. IV, 11 U.S.C. foll. § 53) demonstrates that they lay down procedure and practice in bankruptcy in the United States district courts and before referees in bankruptcy in bankruptcy cases. They are, of course, of very wide range. The intent of Congress to make a broad grant of general jurisdiction in bankruptcy by section 22 of the Revised Organic Act is demonstrated by the fact that it made the General Orders in Bankruptcy applicable to the Virgin Islands. If Congress did not intend the Bankruptcy Act to be in effect in the Virgin Islands, the enactment of section 25 making applicable the practice and procedure in bankruptcy promulgated by the Supreme Court in the General Orders was an ineffective, meaningless, and senseless gesture. It is a basic canon of statutory construction that every part of a statute should be given some effect, if possible. No citation of authority is necessary for this hornbook principle. The intent of Congress is clearly manifest here.

Since the National Bankruptcy Act as amended is applicable generally in the Virgin Islands and the petition at bar is sufficient to invoke the jurisdiction of a court of bankruptcy and the District Court of the Virgin Islands is such a court, an order will be entered adjudicating Donovan a bankrupt.