**In re NAUTILUS VIRGIN CHARTERS, INC., Alleged Debtor.**

**CALYPSO YACHT CHARTERS, INC., Plaintiff,**

v.

**NAUTILUS VIRGIN CHARTERS, INC., John I. Quimby, Jack K. Clifford and L. J. O'Connor, Defendants.**

**Bankruptcy Nos. 381–00017, 381–0004.**

Bankruptcy Court, Virgin Islands, D. St. Thomas and St. John.

June 30, 1982.

Nan L. Blumenfeld, Loud, Watts & Murnan, Charlotte Amalie, St. Thomas, V. I., for plaintiff.

Arthur N. Martin, Jr., Martin & Hart, P.C., East Orange, N. J., Desmond L. Maynard, Charlotte Amalie, St. Thomas, V. I., for defendants.

Thomas K. Moore, Hoffman & Moore, Charlotte Amalie, St. Thomas, V. I., for debtor.

**MEMORANDUM AND ORDER**

ALBERT A. SHEEN, Bankruptcy Judge.

This case arises out of an Order dismissing an involuntary petition, filed by defend-

ants John I. Quimby, Jack K. Clifford, and L. J. O'Connor, seeking an order for relief under Chapter 11 of the Bankruptcy Act. The alleged debtor is Nautilus Virgin Charters, Inc. Quimby, Clifford, and O'Connor (hereafter referred to as Petitioners) move under both Bankruptcy Rule 923 and 924 for a reconsideration of that order. The sole basis for the motion is that "the learned judge had made a mistake."[1] The question presented by this case is whether a bankruptcy court may reconsider an order when the motion for reconsideration was filed after the time for appeal has elapsed, and the movant's sole claim is that the Court in issuing the underlying ORDER committed a legal error. Holding that such a motion is untimely under Bankruptcy Rules 923 and 924 and therefore must be denied, this Court denies Petitioners' motion for reconsideration.

The facts of the case are as follows. On July 9, 1981, Petitioners filed an involuntary petition seeking an order for relief under Chapter 11 of the Bankruptcy Act. The alleged debtor was Nautilus Virgin Charters, Inc. On October 7, 1981, Chief Judge Christian, while presiding over Bankruptcy Court, dismissed the involuntary petition, citing two grounds. First of all, Nautilus Virgin Charters, Inc. had not paid its franchise tax for the past three years and was thereby barred from maintaining the action in bankruptcy court by 13 V.I.C. Sec. 533(a).[2] Secondly, Nautilus Virgin Charters, Inc. did not qualify as a "person" under 11 U.S.C. Sec. 101(30)[3] because it had been dissolved, pursuant to 13 V.I.C. Sec. 533(c)(1),[4] for failure to pay the franchise tax. Consequently, as an involuntary case can be commenced only against a "person", 11 U.S.C. Sec. 303(a),[5] the bankruptcy court lacked jurisdiction over the involuntary petition. For both of these reasons the petition was dismissed.

Petitioners did not appeal the dismissal. Instead, they filed a motion for reconsideration on November 25, 1981. This motion came forty-nine (49) days after the petition was dismissed, nineteen (19) days after the longest possible time for appeal had elapsed, and thirty-nine (39) days after the normal time for appeal had elapsed.[6] Peti-

1. Petitioners' Supplemental Brief in Support of Motion For Reconsideration, p. 1.

2. 13 V.I.C. Sec. 533(a): "No corporation may commence or maintain any action in any court if it has not paid its annual franchise tax last due. A certificate of the payment of such annual franchise tax, or any duplicate of such certificate under the seal of the Lieutenant Governor, shall be *prima facie* evidence of such payment. The Lieutenant Governor shall issue such certificate upon request."

3. 11 U.S.C. Sec. 101(30): " 'person' includes individual, partnership, and corporation, but does not include governmental unit."

4. 13 V.I.C. Sec. 533(c): "The Lieutenant Governor upon determination that any corporation has neglected for a period of one year to pay its annual franchise tax, shall—(1) if the delinquent corporation is a domestic corporation make a notification upon the records of his office that such corporation is dissolved and it shall thereupon be dissolved and the directors of such corporation shall hold title to the property of the corporation as trustees for its stockholders and creditors to be disposed of under appropriate court proceedings".

5. 11 U.S.C. Sec. 303(a): "An involuntary case may be commenced only under Chapter 7 or 11 of this title, and only against a person, except a farmer or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under which such case was commenced."

6. Bankruptcy Rule 802.

"(a) *Ten-Day Period.* The notice of appeal shall be filed with the referee within ten (10) days of the date of entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten (10) days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."

"(c) *Extension of Time for Appeal.* The referee may extend the time for filing the notice of appeal by any party for a period not to exceed twenty (20) days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property." _

tioners base their motion for reconsideration on both Bankruptcy Rule 923 and 924.

' *Petitioners' Motion Under Rule 923*:

Rule 923 states that "[e]xcept as provided in Rule 307, Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases." Bankruptcy Rule 307 states that

"[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. If the motion is granted, the court may after hearing on notice make such further order as may be be appropriate."

Although some courts have treated motions similar to Petitioners' under Federal Rule 59,[7] this Court will treat Judge Christian's dismissal of the petition as an order "disallowing a claim" and therefore, will apply Rule 307.[8] *S.E.C. v. E.P. Seggos & Co.*, 416 F.Supp. 280 (S.D.N.Y.1976).

Rule 307 superseded Sec. 57k of the Bankruptcy Act.[9] Therefore, the period allowed for reconsideration is no longer limited to the time prior to the closing of the estate, as prior cases had held.[10] 7 Moore's *Federal Practice* 60.18[7] (2d ed. 1982). Instead, as stated in 12 *Collier on Bankruptcy* 307.04[3] (14th ed. 1978),

"[a]fter the time to appeal has run, the only time limitation applicable to motions for reconsideration is the one year period applicable to *contested orders* of allowance or disallowance as a result of Rule 924, which makes applicable Rule 60(b) of the Federal Rules of Civil Procedure."

However, this statement is later qualified by the proviso that, for relief to be granted "if more than ten (10) days has elapsed after the entry of the order before the motion for reconsideration is filed, the time within which to file a motion pursuant to Rule 923, the requirements of Rule 60(b) of the Federal Rules of Civil Procedure must be met, whether the order was entered with or without contest." 12 *Collier on Bankruptcy* 307.04[4] (14th ed. 1978)[11]

The time for appeal of the order dismissing the involuntary petition had already run when Petitioners filed the motion for reconsideration. Therefore, to rely on Rules 923 and 307 to support the motion for reconsideration, Petitioners must present a claim which is based on Federal Rule 60(b),[12] as

---

7. *In Re Earl's Tire Service*, 6 B.R. 1019, 1021 (D.Del.1980); *In Re Day*, 4 B.R. 750, 757 (S.D. Ohio 1980), appeal dismissed, 633 F.2d 214, 217.

8. Contrary to Petitioners' contentions, Rule 59 is applicable to orders made prior to a trial on the merits. Rule 59(e); *Gainey v. Brotherhood*, 303 F.2d 716, 718 (3rd Cir. 1962); *Torockio v. Chamberlain Mfg.*, 456 F.2d 1084 (3rd Cir. 1972). This Court proceeds on the basis that Bankruptcy Rule 923, and not Rule 59 itself, renders 59(e) inapplicable in this case. If this Court had instead applied Rule 59 as did the courts in *Earl's Tire* and *Day, supra* note 7, the result reached here would remain unchanged. The strict 10 day limit on motions for reconsideration imposed by Federal Rules 59(e) and 6(b), and by Bankruptcy Rule 906(b)(2), would clearly have barred Petitioners' motion for reconsideration.

9. 57k provides that: "Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, but not after the estate has been closed."

10. E.g. *Klapper v. Danning*, 444 F.2d 516 (9th Cir. 1971); *Wright v. Public Board of Instruction for Broward*, 142 F.2d 577 (5th Cir. 1944);

*Wayne Gas v. Owens*, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 577 (1937); *In Re Jayrose Millinery*, 19 F.Supp. 1013 (S.D.N.Y.) mod. on other grounds 93 F.2d 471 (2d Cir. 1937).

11. See also *In Re W.F. Hurley, Inc.*, 612 F.2d 392, 396 (8th Cir. 1980) which states that "Rule 60(b) supplies the applicable standards for reconsideration of claims by a bankruptcy judge after the time for appeal from the underlying order has elapsed."; *In Re Crafty Fox Ltd.*, 3 B.R. 657, 661 (W.D.Va.1980), which states that "Rule 924 which incorporates Rule 60 Federal Rules of Civil Procedure is applicable where, as in this case, the ten day period for taking an appeal has, of course, expired."; 7 Moore's *Federal Practice* 60.18[7] (2d ed. 1982).

12. Rule 60(b): "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an ad-

did the party in *Hurley, supra,* note 11. Petitioners contend that Judge Christian "made a mistake" of law in dismissing the petition. As Rule 60(b)(2)–(5) clearly do not apply here, Petitioners' claim of legal error by the court could conceivably fall only under either 60(b)(6) or 60(b)(1).

Rule 60(b)(6) permits a court to relieve a party from a final order for "any other reason justifying relief from the operation of the judgment." A claim of legal error committed by the court, however, does not constitute a sufficient reason. Reversing a Virgin Islands District Court's reconsideration of a judgment made two and a half years earlier, the Third Circuit Court of Appeals held that,

> "[t]he correction of legal errors committed by the district courts is the function of the Court of Appeals. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6). We know of no authority to the contrary." *Martinez-McBean v. Government of the V.I.,* 14 V.I. 79, 86, 562 F.2d 908, 912 (3rd Cir. 1977).

Having presented no claim in addition to that of legal error by the court, Petitioners cannot obtain relief under 60(b)(6), regardless of when the motion to reconsider was filed.

The First and Seventh Circuits have rejected the contention that legal error by the court constitutes "mistake" under 60(b)(1). *Silk v. Sandoval,* 435 F.2d 1266 (1st Cir. 1971), *cert. den.* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971); *Swam v. U. S.,* 327 F.2d 431 (7th Cir. 1964), *cert. den.* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964). Nevertheless, other Circuits have permitted such claims, although they distinguish a 60(b)(1) based upon a court's legal error from that based upon either other types of mistake, inadvertence, or excusable neglect. Whereas claims for relief based upon the latter can be filed at any time prior to one year after the judgment, courts generally require that 60(b)(1) claims of "mistake" predicated upon a court's legal error be filed prior to when the time for appeal has run.[13] Rule 60(b) is not considered a substitute for appeal. 7 Moore's *Federal Practice* 60.18[8], 60.22[3–4] (2d ed. 1982); Wright and Miller *Federal Practice and Procedure: Civil* Sec. 2858 at 178–180 (1973 ed.). Although the Third Circuit has not decided directly whether Rule 60(b)(1) can provide relief from a court's legal error when the motion for relief is made after the time for appeal has elapsed,[14] the Court did hold that such reconsideration, although not based expressly on 60(b)(1), could be granted during the period for appeal. *Sleek v. J. C. Penney,* 292 F.2d 256, 258 (3rd Cir. 1961). However, this Court believes that any additional time, beyond that for appeal, is not "reasonable" for the correction of a court's legal error. F.R.C.P. 60(b). Therefore, this Court holds that it will follow the majority of courts and will not grant relief from a judgment when the motion for relief (reconsideration) is based solely upon the ground that a court committed legal error

verse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. . . ."

13. Timely motions were granted in *McDowell v. Celebrezze,* 310 F.2d 43 (5th Cir. 1962); *Tarkington v. U. S. Lines,* 222 F.2d 358 (2d Cir. 1955); *Oliver v. Monsanto,* 56 F.R.D. 370 (D.C. Tex.1972). Untimely motions were denied in *Schildhaus v. Moe,* 335 F.2d 529 (9th Cir. 1964); *Title v. U. S.,* 263 F.2d 28 (9th Cir. 1959) *cert. den.* 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959); *Hoffman v. Celebrezze,* 405 F.2d 833 (8th Cir. 1969); *Annat v. Beard,* 277 F.2d 554 (5th Cir. 1960) *cert. den.* 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223 (1960); *Crane v. Kerr,* 53 F.R.D. 311 (D.C.Ga.1971).

14. *In dictum* to *Martinez-McBean,* the Court recognized that other Circuits do treat legal error as "mistake", but stated that such relief could not possibly be granted in that case as both the time for appeal and the one-year limitation in 60(b) had already run. 562 F.2d at 912.

**472**

and such motion for relief (reconsideration) is filed after the time for appeal has run. Such motions for relief (reconsideration) are untimely and will be denied. Litigants who believe that a court has improperly interpreted or applied the law should seek relief by appealing to those higher courts whose function is, as stated in *Martinez-McBean*, "the correction of legal errors committed by the [lower] courts." 562 F.2d at 912.

█ Having filed a motion for reconsideration long after the time for appeal had run, Petitioners cannot now be afforded relief under 60(b)(1) on the sole basis that Judge Christian committed legal error, even if that error is conceded.[15] Petitioners also present no claim that other forms of mistake, inadvertence or excusable neglect justify relief from dismissal of their petition. Furthermore, this Court can detect from Petitioners' briefs no basis for relief under either of these categories.[16] Consequently, Petitioners have not presented any claim under 60(b)(1)–(6) upon which this Court could conceivably grant relief at this late date. As stated above, when the motion for reconsideration under Rule 307 is filed more than ten (10) days (the time for appeal)

after the entry of the order, the requirements of 60(b) must be met in order for relief to be granted. 12 *Collier on Bankruptcy* 307.04[4] (14th ed. 1978). Since the requirements of 60(b) could not possibly be met in this case, as shown above, this Court believes there to be no reason to reconsider the underlying order and therefore denies the motion for reconsideration as untimely under Bankruptcy Rules 923 and 307.

Petitioners also seek relief under Bankruptcy Rule 924 which provides that,

"Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases, except that a motion to reopen a case or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one-year limitation therein prescribed. This rule does not permit extension of the time allowed by Sec. 15 of the [Bankruptcy] Act for the filing of a complaint to revoke a discharge."

Since neither the one year limit nor the Sec. 15 considerations are relevant to this case, Rule 60 applies fully to Petitioners' motion for reconsideration. Rule 60(a) permits relief from judgment on the basis of clerical

---

**15.** Without deciding the question, this Court believes, after preliminary consideration, that Judge Christian did improperly apply 13 V.I.C. 533(a) (*supra*, note 2) and (c)(1) (*supra*, note 4) in dismissing the involuntary petition. When a federal court is presiding over a case involving a federal question, as is this situation here (Art. 1, Sec. 8; Art. III, Sec. 2 of the U. S. Constitution), state law cannot limit the the jurisdiction of that court. Supremacy Clause of the U. S. Constitution, Art. VI; Revised Organic Act, 48 U.S.C. § 1612; *Christensen v. Donovan*, 3 V.I. 370, 163 F.Supp. 892 (D.C.V.I.1958); *In Re Thomas*, 78 F.2d 602, 603 (6th Cir. 1935) *cert. den.* 296 U.S. 626, 56 S.Ct. 149, 80 L.Ed. 445 (1935); *Hammond v. Lyon Realty*, 59 F.2d 592, 593 (4th Cir. 1932). Therefore, 13 V.I.C. 533(a) cannot prevent Nautilus Virgin Charters, Inc. from maintaining in federal bankruptcy court such an action as initiated by Petitioners. Similarly, federal law, not state law, defines what constitutes a "person" for the purposes of 11 U.S.C. § 303(a). *Supra*, note 5. "Person" is defined in 11 U.S.C. § 101(30) as including a "corporation". *Supra*, note 3. "Corporation" is defined in 11 U.S.C. § 101(8)(A) as including an "unincorporated company or association." Sec. 101(8)(A)(iv). This term, taken from Sec. 1(8) of the Bankruptcy Act, has been liberally

construed to include "joint action" for "doing business under the corporate name". *In Re Midwest Athletic Club*, 161 F.2d 1005, 1008–1009 (7th Cir. 1947). The sole fact that a corporation has been dissolved pursuant to state law is not considered determinative. *Midwest Athletic, supra* at 1009; *In Re Peer Manor Building Corp.*, 143 F.2d 769, 772 (7th Cir. 1943), *cert. den.* 320 U.S. 211, 63 S.Ct. 1447, 87 L.Ed. 1849 (1943); *Corr v. Flora Sun Corp.*, 317 F.2d 708, 709 (5th Cir. 1963); *Sylvan Beach v. Koch*, 140 F.2d 852, 860 (8th Cir. 1944). Therefore, Petitioners' involuntary petition could not be properly dismissed simply because Nautilus Virgin Charters, Inc. had been dissolved pursuant to 13 V.I.C. 533(c)(1). A proper analysis would have required a determination of whether Nautilus Virgin Charters, Inc. exists *de facto*.

**16.** Failure to timely serve a Rule 59 motion or to appeal on time does not, without more, constitute excusable neglect. See 7 Moore's *Federal Practice* 60.22[2] (2d ed. 1982); *Nugent v. Yellow Cab Co.*, 295 F.2d 794 (7th Cir. 1961); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969); *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117 (1st Cir. 1978).

error, which petitioners do not assert. Therefore, Rule 60(a) is inapplicable in this case. For the reasons stated above, 60(b) also can provide no possible relief to Petitioners. Consequently, this Court also denies Petitioners' motion for reconsideration as untimely under Bankruptcy Rule 924.