## ELLIOTT v. MAYNARD et al.

## SAME v. RUTHERFORD.

Nos. 5456–5459.

Circuit Court of Appeals, Sixth Circuit.

April 18, 1930.

Stanley Reed, of Ashland, Ky. (Browning & Reed, of Ashland, Ky., and Stratton & Stephenson, of Pikeville, Ky., on the brief), for appellant.

Randolph Bias and Wells Goodykoontz, both of Williamson, W. Va., for appellees.

Before DENISON and HICKS, Circuit Judges, and RAYMOND, District Judge.

**18**

### PER CURIAM.

The several appellees are claimants against the bankrupt estates of Nancy Jane Varney and/or Pricy A. Varney for amounts due upon promissory notes upon which bankrupts are indorsers. The issues are substantially the same in each case, and the fundamental question presented (except as hereinafter noted) is the same as that considered in the case of First National Bank of Pikeville, Kentucky v. Elliott, 19 F.(2d) 426 (C. C. A. 6). It was concluded in that case that debts which are provable in bankruptcy within any of the categories of section 63a of the Bankruptcy Act (11 USCA § 103(a) must be such as are subject to liquidation as of the date of the filing of the petition, and which then exist as a fixed liability absolutely owing, whether or not then due and payable. None of the notes in question had matured at the time the petition in bankruptcy was filed and on none of the notes was there waiver of protest, demand, presentment, or notice. The Uniform Negotiable Instruments Act in force in Kentucky states as follows the warranty of an indorser without qualification: "And, in addition, he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent endorser who may be compelled to pay it." Carrolls Ky. St. 1930 Ed., § 3720b—66.

The Kentucky Statutes also provide that presentment for payment is necessary in order to charge indorsers, except under circumstances not existing in this case. See section 3720b—70, Carrolls Ky. St. 1930 Ed. None of the notes having matured prior to adjudication, there had been, of course, no presentment or notice of dishonor. These obligations were therefore not such as at the date of the filing of the petition existed as a fixed liability absolutely owing.

It is sought to distinguish the First National Bank Case, above cited, from the present cases upon the fact that in that case the notes sought to be proved were collateral notes indorsed by the bankrupt and attached to other notes owned by claimants to which the bankrupts were not parties. Under our interpretation there made of section 63a of the Bankruptcy Act (11 USCA § 103(a), this difference cannot affect the result. The distinction is not between collateral and direct obligations, but between those which are fixed and absolute, and those which are merely contingent.

A further question arises out of these facts: The several claims were filed and allowed on August 18, 1925. In February, 1926, a dividend of 10 per cent. was paid on each note. On July 25, 1927 (about two and a half months after decision of the First National Bank case), the trustee filed a petition to re-examine and expunge the several claims upon the ground that upon the date of the adjudication they were not due, and that there was not a fixed liability owing at the time of the filing of the petition in bankruptcy. The answers to these petitions alleged laches, provability under section 63a, and estoppel by reason of delay and payment of dividends. In 5456, 5457, and 5458 the referee sustained the petition to re-examine and was overruled by the District Court. As to the Rutherford claim, it was also urged that a petition for re-examination upon another note in favor of the same claimant had been already adjudicated, and without making any objection to this claim. This petition to expunge was denied by the referee, who was sustained by the District Court. Section 57k of the Bankruptcy Act (11 USCA § 93(k) provides: "Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

We find in the record no evidence of injury, prejudice, or disadvantage to claimants which would make it inequitable to allow the trustee to file his petition for re-examination. In re Star Spring Bed Co. (C. C. A.) 265 F. 133; In re Caledonia Coal Co. (D. C.) 254 F. 742.

In view of the provisions of section 57l of Bankruptcy Act (11 USCA § 93(l), which says: "Whenever a claim shall have been reconsidered and rejected, in whole or in part, upon which a dividend has been paid, the trustee may recover from the creditor the amount of the dividend received upon the claim if rejected in whole, or the proportional part thereof if rejected only in part," it seems clear that the mere payment of dividend upon a claim cannot operate as an estoppel to a petition later filed to re-examine and expunge.

The orders of the court below are reversed, and the cases remanded for further proceedings in accordance with this opinion.