### In re JAYROSE MILLINERY CO., Inc.

District Court, S. D. New York.
June 15, 1937.

Feiring & Bernstein, of New York City, for trustee.

Paul Windels, Corp. Counsel, of New York City (Sol Charles Levine and Max Brofman, both of New York City, of counsel), for the City of New York.

### HULBERT, District Judge.

The referee's certificate on trustee's report and petitions for allowances brings up for review the denial of an application made orally by the city of New York at the final meeting of creditors held on May 14, 1937, to transform a claim theretofore allowed in a reduced amount as a general claim, into a priority claim.

On January 30, 1936, the city of New York filed a claim for the sum of $2,-883.56, demanding a priority under the provisions of a local law (enacted by the municipality), No. 20 (published as No. 21) of 1934; p. 143 (the 2 per cent. sales tax)..

Hearing was brought on February 25, 1936, before the referee, who disallowed the priority following his previous ruling in Re Lazaroff, which had been confirmed by Judge Goddard and upon appeal affirmed by the Circuit Court of Appeals, Second Circuit, 84 F.(2d) 982, and reduced the claim to $2,122.91 and allowed it in that sum as a general claim, reserving for future determination a further possible deduction of $217.84 as a penalty. The referee's order was entered March 27, 1936.

Following the decision in Re Lazaroff, there was considerable misunderstanding and uncertainty as to the status of the city's right to priority in other cases. The Appellate Division of the New York Supreme Court in the Second Department, In re Rockaway Point Center, Inc., 249 App.Div. 66, 291 N.Y.S. 341, upheld the contentions of the city, and the Appellate Division, in the First Department (In re Atlas Television Co., Inc., 248 App.Div. 853, 291 N.Y.S. 138) held to the contrary. The latter ruling was reversed upon appeal to the New York Court of Appeals. In re Atlas Television Co., Inc., 273 N.Y. 51, 6 N. E.(2d) 94.

The city had sought to review the decision of the Circuit Court of Appeals in the Lazaroff Case, but certiorari was denied. However, after decision by the New York Court of Appeals, the United States

Supreme Court granted a reargument, and on January 20, 1937, reversed In re Lazaroff sub nom., City of New York v. Saul Goldstein, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. ——.

The trustee had applied on July 27, 1936, to re-examine the claim and further reduce it to $1905.07. The hearing thereon was held September 3, and by order entered September 8, 1936, the referee granted that application and also directed payment of a first dividend of 5 per cent. which was paid to claimant.

No appeal was taken from and no petition to review said orders of March 27, 1936, and September 8, 1936, was made, and no stipulation was entered into between the city of New York and the trustee to preserve the city's claim pending the final outcome of In re Lazaroff, and no action was taken by the city after the decision of the United States Supreme Court until the final meeting of creditors.

■ It is the contention of the city that both the referee and the trustee, and his attorneys, had knowledge of the situation.

I do not conceive it to have been the duty of either to have acted voluntarily to protect the interest of the city, which is ably represented by its own corporation counsel.

The city urged the referee to reconsider its claim pursuant to section 57k of the Bankruptcy Act, title 11 U.S.C.A. § 93 (k), which provides that: "Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

The referee held that, taking the equities into consideration, the fact that the city permitted the period between January 20 and April 30 to elapse without having made any motion for re-examination of the claim, and in view of the fact that the creditors had been led to believe by virtue of the notice of the final meeting that there was no priority claim and they would receive a dividend of 7¾ per cent., they were lulled into refraining from taking any possible action which they might otherwise have been disposed to take, and in the ex-

ercise of his discretion he denied the motion.

■ Counsel request, because of the importance of the question involved, that the court give an expression of its opinion upon the disposition thereof. Earnest consideration has been given the briefs which have extensively reviewed the authorities, but, in my opinion, the disposition of the case must be made upon the ground that the city is foreclosed by its failure to preserve its rights by taking an appeal from, or seeking to review the said orders of the Referee. While the exception sometimes proves the rule, and the court has the power under section 57k to grant relief for cause even after the time to appeal has expired, provided a distribution has not been made, the facts in this case do not seem to justify such an unusual exercise of discretion.

■ The situation here presented is not akin to a bar order which is a conditional limitation for protective purposes to encourage expedition in the settlement of bankrupt estates, and tax collecting agencies can always be relieved upon proper showing of excusable neglect. But there must be a finality attached to orders of the character made by the referee determining the status of claims filed. It is to correct errors that appellate courts exist and that appeals may be taken thereto, but it often happens that, after a judge has decided a case following existing authority, and the parties have let the time to appeal expire, the authority so relied upon has been reversed, and certainly litigants who have forfeited their rights to appeal should abide thereby.

Counsel for the city make the point that if an appeal had been taken in many similar cases decided against it that it would have tremendously enhanced the cost of the administration of those bankrupt estates. But that would hardly have been so if, after having properly protected its rights by appeal or petition to review, the matter were left in status quo by stipulation awaiting the final outcome of the pending appeal in matter of Lazaroff.

For the foregoing reasons the action of the referee must be sustained and his report confirmed. Settle order on notice.