**CORNELL DUBILIER ELECTRIC CORPORATION v. PRESS WIRELESS, Inc.**

No. 237, Docket 21297.

United States Court of Appeals Second Circuit.

Argued May 4, 1949.

Decided June 13, 1949.

Gerdes & Montgomery, New York City (W. Randolph Montgomery and William C. Porth, New York City, of counsel), for appellant.

Dills, Muecke, Schelker & Levinson, New York City (Walter G. Schelker, Jr., New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The appellant, Press Wireless, Inc., is engaged in operating facilities for the transmission and reception of wireless press dispatches. In August 1947 it filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 722 et seq. In this proceeding the appellee, Cornell Dubilier Electric Corporation, filed a claim for goods sold and delivered, to which the debtor filed objections. After hearings, the referee in bankruptcy allowed the claim in the amount of $6,215.10 as a general claim against the debtor. From an order of the district court confirming the referee's allowance of the claim the debtor has appealed. The sole issue on appeal is whether the evidence is sufficient to support the order.

The facts are not disputed. Before December 1945 the debtor not only operated its wireless facilities on Cantiague Road, Hicksville, New York, but also operated a plant for the manufacture of wireless radio equipment. The manufacturing plant comprised two buildings located on the opposite side of Cantiague Road and about a quarter of a mile distant from the debtor's wireless plant. In December 1945 a corporation called Press Wireless Manufacturing Corporation took over the manufacturing business formerly conducted by the debtor, and Clyde B. Rush, who had formerly acted as purchasing agent for the debtor, was employed by the Manufacturing Corporation as its purchasing agent. In the latter capacity he placed with the appellee orders for merchandise, using a printed order form of the debtor which called for delivery to the debtor at Cantiague Road, Hicksville, New York, via R. R. Express. The debtor concedes that it was bound by such orders, as Rush had apparent authority to act as its purchasing agent and it had not notified the claimant of the termination of his employment by it. Therefore decision of the correctness of the order allowing the claim must turn on the evidence relating to delivery of the merchandise.

All the merchandise shipped by the claimant under the aforesaid orders was shipped between July 22, 1946 and January 28, 1947 and was received by the Manufacturing Corporation. All the invoices covering such merchandise were issued by the claimant in the name of the debtor, Drawer T, Hicksville, L. I., N. Y., and were ultimately received by the Manufacturing Corporation and placed in its files. The debtor's post office address at Hicksville both before and after December 1, 1945 was Drawer T, Hicksville, and after that date the Manufacturing Corporation used the same post office address, and received merchandise in the building theretofore used by the debtor for that purpose. Mr. Rush testified that "There is a large sign over the door that states that it is Press Wireless Manufacturing Corporation." Moreover, at various times subsequent to March 25, 1946, the date of one of the aforesaid purchase orders, telegrams and letters relating to this

540

order were sent by Rush in the name of the Manufacturing Corporation and were received by the claimant; and on August 12, 1946 and February 7, 1947 the claimant addressed letters to the Manufacturing Corporation for the attention of Rush relative to this order.

 The record is barren of proof that the merchandise ordered in the name of the debtor was shipped to or received by the debtor. Neither shipping documents nor delivery receipts were produced; it was stipulated that the merchandise was received by the Manufacturing Corporation. It was also stipulated that the invoices issued in the name of the debtor were received by the Manufacturing Corporation and placed in its files. How they got there does not appear. Since both companies had the same Hicksville post office address, Drawer T, the debtor may never have seen the invoices. The telegrams and letters above mentioned indicate that the claimant knew that it was dealing with a company having a different name from that of the debtor. The claimant's letters addressed to the Manufacturing Corporation spoke of the merchandise "being shipped to you," and a credit memorandum issued by the claimant was addressed to the Manufacturing Corporation, not to the debtor. On this record we cannot say that the claimant supposed it was delivering to the debtor; on the contrary the interchange of correspondence between the Manufacturing Corporation and the claimant indicates that the latter had notice that it was delivering to a corporation other than debtor, notwithstanding the form of the purchase orders and the invoices. The claimant contends that its sole duty was to deliver the merchandise to the place indicated on the purchase orders, namely, Cantiague Road, Hicksville, L. I., and to bill the merchandise so delivered to the purchaser named in the purchase orders, namely, Press Wireless, Inc. But a vendor's duty to make delivery is not satisfied by delivery at the proper address unless the merchandise is delivered to the proper party. Henry Martin Co. v. Taylor, 232 N.Y. 627, 134 N.E. 599. Even closer in point is

L. Kommel & Son v. Champlain Transp. Co., 93 Vt. 1, 105 A. 253, 2 A.L.R. 275. As that case shows, the mere fact that similar merchandise had previously been ordered by Rush for the appellant's account and that the deliveries now in question were made to the building previously occupied by the appellant does not justify delivering the goods to anyone but the contracting purchaser or his agent. Moreover, Rush's apparent authority to order goods for the debtor did not extend to binding the debtor to pay for goods delivered to another corporation. As to that the claimant had to prove actual authority on the part of Rush, and no such proof was offered. Accordingly the order must be reversed, but we think that the claimant should be given an opportunity, as it requests in its brief, to supply additional proof if it can.

Order reversed and cause remanded for further proceedings.