In the Matter of **MINSKOFF–DOR-MAN CO.,** a bankrupt.

Myron **KLAPPER,** Appellant,

v.

Curtis B. **DANNING,** Trustee, Appellee.

No. 25381.

United States Court of Appeals, Ninth Circuit.

May 28, 1971.

Joel Mithers (argued), Los Angeles, Cal., for appellant.

Richard Berger (argued), Nathan Markowitz, of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellee.

Before CARTER and WRIGHT, Circuit Judges, and THOMPSON, District Judge.*

PER CURIAM:

The bankruptcy proceeding below followed a Chapter XI proceeding which was dismissed. In the Chapter XI proceeding Klapper, the appellant, filed an application to recover $5011.52 as an expense of administration for the use by the receiver of certain equipment. Danning, the appellee, who was then the receiver in the Chapter XI proceeding, stipulated that "Said sum shall constitute an administrative expense of this estate [the Chapter proceeding] and of any bankruptcy estate in the event that the debtor is subsequently adjudicated a bankrupt * * * ". The referee approved the stipulation in the Chapter XI proceeding.

Subsequently the debtor was adjudicated a bankrupt, and Danning was appointed trustee of the bankruptcy estate.

Danning's first and final account in the bankruptcy showed expenses of administration in that proceeding of $224.-46 and total cash of $2,313.43.

Meanwhile one Weirick and the Franchise Tax Board had filed claims in

---

* Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

the superseding bankruptcy proceeding for administrative expenses. Weirick's claim was $6900.00 for rent. The Franchise Tax Board's claim was $156.04 for taxes. Both arose during Danning's operation as receiver in the Chapter XI proceedings.

Danning as trustee in the bankrupt estate, filed an "Application to Determine Status of Asserted Claims and Priority of Payment." The application set forth the prior stipulation between Danning, as receiver in the chapter proceedings, and Klapper; and the claim for administrative expense by Weirick and the Franchise Tax Board. The application asked the referee to classify "the claims of * * * Weirick, the Franchise Tax Board and * * * Klapper as administrative claims in the superseded Chapter XI proceeding and subordinate in priority to the payment of expenses of administration incurred in the within superseding bankruptcy proceedings; * * * "

The referee granted the application and expressly provided that Klapper's claim was subordinate to the administrative expenses in the bankruptcy and was to be paid prorate with the other claims after the administrative expenses in the bankruptcy were first paid in full. A petition for review was denied by the district court, and Klapper appealed. We affirm.

The order complained of only *classified* Klapper's claim as to priority with other claims in the bankruptcy proceeding. The defense of *res adjudicata* has no merit.

■ Under the Bankruptcy Act, an order allowing a claim may be reconsidered at any stage of the proceedings prior to the closing of the bankruptcy estate, sections 2a(2) and 57k of the Act (11 U.S.C. §§ 11a(2) and 93k). A referee in bankruptcy has authority to reconsider an order previously entered, even though the time for filing a petition for review from the order has ex-

pired, where a party has not changed his position to his prejudice in reliance upon the supposed finality of the order. Smith v. Hill (9 Cir. 1963) 317 F.2d 539, 541.

■ Since the 1952 amendment of section 64a(1) of the Act (11 U.S.C. § 104a(1), administrative costs and expenses in a bankruptcy have priority ahead of unpaid costs and expenses of administration of a superseded debtor-relief proceeding. 3A Collier on Bankruptcy 2077 (14th Ed.). The congressional mandate of the amended section is clear. New York Credit Men's Adjustment Bureau v. A. Jesse Goldstein & Co. (2 Cir. 1960) 276 F.2d 886.

The judgment is affirmed.