In the Matter of CONKLIN'S, INC., Debtor.

**Bankruptcy No. 79–00540.**

United States Bankruptcy Court, D. South Carolina.

July 10, 1981.

On Motion for Rehearing Sept. 16, 1981.

Anderson & Robinson, P. A., Columbia, S. C., for trustee.

Don C. Gibson, Mount Pleasant, S. C., David Bell, Dallas, Tex., for creditors.

### ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the court on the objections of the trustee to the proofs of claim filed by Consolidated Accessories Corporation and its wholly owned subsidiary, LeNar Jewelry Co., Inc., (the creditors) in the amount of $10,622.35 and $10,205.78, respectively.

On December 14, 1979 Conklin's, Inc. (the debtor) filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 *et seq.*), and on April 1, 1980, the case was converted to Chapter 7 (11 U.S.C. § 1112(a)).

The creditors hold perfected security agreements in the debtor's collateral, the proceeds from the sale of which were allegedly commingled and deposited in a bank account of the debtor.

Because of the sale and alleged commingling, the creditors now claim, under § 36–9–306(4)(d) of the Code of Laws of South Carolina (1976), perfected security interests in "all cash and bank accounts of the debtor" as of December 14, 1979, the date of the filing of the Chapter 11 petition, because that date marks "the institution of [this] insolvency proceeding." § 36–9–306(4)(d)(ii).

The trustee, agreeing that the creditors held perfected security interests in the collateral, objects to their claiming "all cash and bank accounts of the debtor" and contends that these creditors' claims to perfected security interests in the proceeds are limited (under § 36–9–306(4)(d)) to those proceeds which were derived from the sale of collateral in which the creditors had security interests and that the extent of their security interests in proceeds should be calculated from the ten day period preceding April 1, 1980, the date on which the case was converted to Chapter 7, during which the trustee agrees that proceeds were commingled. He has not admitted that proceeds were previously commingled.

## DISCUSSION

The creditors have the initial burden of proof on their claims as set forth in Bankruptcy Rule 301(b) and 11 U.S.C. § 502(a).

"Inasmuch as Rule 301(b) and section 502(a) provide that a claim or interest as to which proof is filed is 'deemed allowed', the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the proof of claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim of probative force equal to that of the allegations of the proofs of claim themselves. But the ultimate burden of persuasion is always on the claimant. Thus, it may be said that the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more. The objector is obliged to go forward and adduce sufficient evidence to rebut the claimant's prima facie case. Once this is achieved however, it remains for the claimant to prove the claim as to its validity and as to its amount and not for the objector to disprove it. In short, once the prima facie effect given the claim is overcome, the burden of ultimate persuasion rests on the claimant to prove that his claim is appropriate for purposes of sharing in the distribution of the debtor's assets. That proof must be by a preponderance of the evidence and it is for the bankruptcy judge to determine whether or not that has been achieved, with due regard being given to the probative value of the proof of claim itself." 3 *Collier on Bankruptcy* ¶ 502.02 at 502–23, 24 (15th ed. 1980).

The creditors have based their claims upon § 36–9–306(4)[1] which provides:

"(4) In the event of insolvency proceedings instituted by or against a debtor, a secured party with perfected security interest in proceeds has a perfected security interest

(a) in identifiable noncash proceeds;

(b) in identifiable cash proceeds in the form of money which is not commingled with other money or deposited in a bank account prior to the insolvency proceedings;

(c) in identifiable cash proceeds in the form of checks and the like which are not deposited in a bank account prior to the insolvency proceedings; and

(d) in all cash and bank accounts of the debtor, if other cash proceeds have been commingled or deposited in a bank account, but the perfected security interest under this paragraph (d) is

1. South Carolina has adopted the 1962 version of 9–306(4) of the Uniform Commercial Code rather than the 1972 version of that section.

(i) subject to any right of setoff; and

(ii) limited to an amount not greater than the amount of any cash proceeds received by the debtor within ten days before the institution of the insolvency proceedings and commingled or deposited in a bank account prior to the insolvency proceedings less the amount of cash proceeds received by the debtor and paid over to the secured party during the ten day period."

In order to recover proceeds under § 36–9–306(4)(d), the creditors must establish:

(1) that "an insolvency proceeding [was] instituted by or against a debtor";

(2) that the secured party has a "perfected security interest in proceeds";

(3) that "other cash proceeds have been commingled or deposited in a bank account" of the debtor; and

(4) "the amount of any cash proceeds received by the debtor within ten days before the institution of the insolvency proceedings and commingled or deposited in a bank account of the debtor prior to the insolvency proceeding . . . ."

The ten day period referred to in § 36–9–306(4)(d)(ii) is calculated from the date of the institution of the insolvency proceeding. An insolvency proceeding is defined, in pertinent part, by § 36–1–201(22) as a "proceeding intended to liquidate or rehabilitate the estate of the person involved."

Thus, by this definition, the debtor's Chapter 11 proceedings are insolvency proceedings. In *Cooper v. First International Bank in Houston*, 2 B.R. 188 (S.D.Tex.1980), the court, discussing the interrelationship between U.C.C. §§ 1–201(22) and 9–306(4)(d), noted, at page 195:

"[U.C.C. § 9–306(4)(d)] specifically sets out rules governing a secured party's continuing right to trace proceeds in the event of insolvency proceedings by or against the debtor. Insolvency proceedings are defined to include 'proceedings intended to liquidate or rehabilitate the estate of the person involved.' * * * Therefore, § 9.306(d) is applicable even in the event a Chapter XI petition is filed and the debtor is seeking merely to reorganize his estate, not liquidate it."

Since the debtor instituted an insolvency proceeding by filing its petition under Chapter 11 on December 14, 1979, the ten day period established by § 36–9–306(4)(d)(ii) commenced on December 4, 1979.

The creditors have established that they are secured parties with perfected security interests in proceeds and that there has been an insolvency proceeding instituted by the debtor. No other evidence has been introduced by the creditors.

Although the trustee has provided the court with a copy of the bank statement covering the ten days preceding the conversion of the case to Chapter 7, during which $4,501.20 of commingled funds were deposited in the debtor's bank account, no evidence has been introduced to establish that any cash proceeds were received by the debtor and commingled or deposited in a bank account during the ten days *before the institution of the Chapter 11 insolvency proceedings.*[2]

The creditors have not met their burden of proof. They have shown no right to proceeds under § 36–9–306(4)(d).

### ORDER

Therefore, the creditors' proofs of claim (numbered 76 and 77) are denied, and

IT IS SO ORDERED.

### On Motion for Rehearing

This matter is before the court on the motion for rehearing filed on July 31, 1981

---

**2.** Counsel for the creditors stated that: "I have discussed the $22,000 claim with both Mr. Conklin and Mr. Lucas Padgett. They have both confirmed our figures, and in fact, when they backed through their figures, they came to the same figures that we did, and in my telephone conversation with Mr. Padgett on January 25, 1980, he advised me that there were $14,000 in proceeds that were co-mingled [sic] in the general account of Mr. Conklin." However, statements by counsel, in argument, are not evidence. *Rubin v. United States*, 414 F.2d 473 (5th Cir. 1969).

by Consolidated Accessories Corporation and its wholly owned subsidiary, LaNar Jewelry Company, Inc. (jointly referred to as the secured creditors).

The motion for rehearing was not filed within ten days after the entry of the court's July 10, 1981 order,[1] therefore, the secured creditors are precluded from having this matter reheard under Bankruptcy Rule 812.[2]

Nevertheless, the court may, under Bankruptcy Rule 307,[3] reconsider an order allowing or disallowing a claim against the estate upon the motion of a party in interest, without such a ten day limitation. *In re Minskoff-Dorman Co.*, 444 F.2d 516 (9th Cir. 1971) (per curiam); *Wright v. Board of Public Instruction*, 142 F.2d 577 (5th Cir. 1944), *cert. denied*, 326 U.S. 737, 66 S.Ct. 47, 90 L.Ed. 440 (1945); *In re Jayrose Millinery Co.*, 19 F.Supp. 1013 (S.D.N.Y.), *modified on other grounds*, 93 F.2d 471 (2nd Cir. 1937). Since it involves disallowed claims, this motion is considered as if it had been made pursuant to Rule 307.

The objections of the trustee to the secured creditors' proofs of claim number 76 and number 77 were heard by this court on December 10, 1980. At that time, the secured creditors, holding perfected security interests in certain collateral of the debtor, claimed under § 36-9-306(4) of the Code of Laws of South Carolina (1976) (hereinafter referred to as 9-306(4)(d)) perfected security interests in proceeds from the sale of their collateral which allegedly had been commingled or deposited in the debtor's bank account during the ten day period preceding the filing of the debtor's petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 *et seq.*). The trustee objected to these claims contending that the secured creditors' interests in the proceeds were limited—under 9-306(4)(d)— to those proceeds which were derived from the sale of collateral in which the secured creditors had security interests rather than in "all cash and bank accounts of the debtor," as claimed by the secured creditors, and, further, that the ten day period referred to in 9-306(4)(d) should be calculated from April 4, 1980, the date on which the case was converted from Chapter 11 to Chapter 7. The trustee admitted that some proceeds were commingled during this time, but he did not admit that any proceeds were commingled prior thereto.

Based upon the evidence presented at the December 10, 1980 hearing, the court, in its July 10, 1981 order, determined that the trustee had presented sufficient evidence to rebut each claimant's *prima facie* case and held that "the burden of ultimate persuasion rest[ed] on the claimant[s] to prove that [their] claim[s] [were] appropriate for purposes of sharing in the distribution of the debtor's assets." *See*, 3 *Collier on Bankruptcy* ¶ 502.02 at 502-23.24 (15th ed. 1980). The court concluded that the secured creditors had failed to establish, by a preponderance of the evidence, a right to proceeds under 9-306(4)(d) because no evidence had been introduced to show (1) that other cash proceeds were commingled or deposited in the bank account of the debtor, and (2) the amount of any cash proceeds received by the debtor within ten days before the institution of the insolvency proceeding and commingled or deposited in a bank account of the debtor prior to the insolvency proceeding.[4] Because of the se-

---

1. The ten day period, having passed, also precludes any motions for new trials or amendments to judgments under Bankruptcy Rule 923 which incorporates Rule 59 of the Federal Rules of Civil Procedure. Bankruptcy Rule 923 provides: "Except as provided in Rule 307, Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases."

2. Bankruptcy Rule 812 provides: "Unless otherwise provided by local rule or court order, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court."

3. Bankruptcy Rule 307 provides: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. If the motion is granted, the court may after hearing on notice make such further order as may be appropriate."

4. The court held that the debtor instituted an insolvency proceeding by filing its petition under Chapter 11 on December 14, 1979 and that

cured creditors' failure to establish these prerequisites, the court denied the secured creditors' claims.

The secured creditors now contend that the court improperly based its decision to deny their claims upon a question of fact which they say was not in dispute, that question being whether or not any cash proceeds were received by the debtor and commingled or deposited in a bank account during the ten days before the institution of the Chapter 11 insolvency proceeding.[5]

The secured creditors argue that because no dispute existed between them and the trustee on this issue, the court should not have denied their claims on the ground that they failed to present evidence thereon. Furthermore, they now urge the court to allow them to present evidence on this issue upon rehearing (or reconsideration).

## DISCUSSION

The secured creditors have stated in their motion that "As the Secured Creditors confined their arguments and proof to the specific objections made by the Trustee, they did not introduce evidence beyond the scope of the Trustee's objections," and that "... the factual question as to whether or not any cash proceeds were received by the Debtor and commingled or deposited in a bank account during the ten days before the institution of the Chapter XI (sic) insolvency proceedings was not in dispute and not at issue", and that "... the reasoning adopted by the Court as the basis of its decision was not discussed in the objections filed by the Trustee."

The trustee's objections to the secured creditors' claims state:

\*    \*    \*    \*    \*    \*

"5. These creditors now claim a secured interest in all cash on hand; how-ever, such claims have not been accompanied by satisfactory evidence that the security interest in cash on hand has been perfected as required for commingled cash by South Carolina statutes.

"6. South Carolina statutes required that a secured creditor must identify proceeds from the sale of their merchandise in the deposits for the ten-day period preceding the conversion to a liquidation-bankruptcy before they can claim a legally perfected lien on any general cash fund. Such evidence has not been provided your Trustee.

"7. Request for the evidence required by Rule 302(c) has been made upon these creditors' attorney, and no such evidence has been provided."

These objections have brought into issue whether, or not, the secured creditors had provided the trustee sufficient evidence, as required by Bankruptcy Rule 302(c),[6] to establish that they have perfected interests in commingled cash as well as whether, or not, they could show that any proceeds—from the sale of their merchandise—were deposited during the ten-day period preceding the conversion of this case to Chapter 7. Such a showing is required by 9–306(4)(d).

The trustee, through his objections, maintains that the secured creditors are required to prove compliance with 9–306(4)(d) before they are entitled to commingled proceeds, and, that the ten-day period of 9–306(4)(d) should have been calculated from the date of conversion of the case from Chapter 11 to Chapter 7 (April 4, 1980).

The secured creditors claim (under 9–306(4)(d)) the commingled proceeds during the ten-day period preceding the filing of the case under Chapter 11; and say that because the trustee, in his objections, contended that the ten-day period under 9–

---

the ten day period established by § 36–9–306(4)(d)(ii) commenced on December 4, 1979.

**5.** The secured creditors maintain that the trustee had made only two objections to their claims: (1) that South Carolina law requires the identification of proceeds and (2) that the ten day period at issue in § 36–9–306(4)(d)(ii) began on April 1, 1980, the date the court converted the Chapter 11 case to one under Chapter 7.

**6.** Bankruptcy Rule 302(c) states in pertinent part: " \* \* \* If a security interest in property of the bankrupt is claimed, the proof of claim shall be accompanied by satisfactory evidence that the security interest has been perfected."

306(4)(d) should be calculated from the date that the case was converted to Chapter 7, they presented no evidence of any proceeds being commingled or the amount of any proceeds commingled during the ten-day period preceding the filing of the case under Chapter 11. Apparently they assumed that such evidence was unnecessary.

Such assumption was not well founded because the trustee challenged their compliance with 9–306(4)(d). In order to recover under that statute, the secured creditors had to establish by a preponderance of the evidence their rights to the proceeds by proving the elements essential for recovery. *See, Whitney v. Dresser*, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584 (1906); *Cornell Dubilier Electric Corp. v. Press Wireless, Inc.*, 175 F.2d 538 (2nd Cir. 1949). As set forth in the order of this court dated July 10, 1981:

> "In order to recover proceeds under § 36–9–306(4)(d), the creditors must establish:
>
> (1) that 'an insolvency proceeding [was] instituted by or against a debtor';
>
> (2) that the secured party has a 'perfected security interest in proceeds';
>
> (3) that 'other cash proceeds have been commingled or deposited in a bank account' of the debtor; and
>
> (4) '... the amount of any cash proceeds received by the debtor within ten days before the institution of the insolvency proceedings and commingled or deposited in a bank account of the debtor prior to the insolvency proceeding....'."

As to (1) and (2) the secured creditors presented evidence showing their perfected security interests in proceeds and that an insolvency proceeding had been instituted against the debtor. No evidence was presented to establish (3) or (4). The fact that, on the trustee's objections to the claims, this court determined that the ten-day period under 9–306(4)(d) should be calculated from the date of the institution of the insolvency proceedings (the Chapter 11 case) did not make compliance with the statute unnecessary; nor does it relieve the secured creditors of proving (3) and (4).

The secured creditors should have proved (3) and (4) inasmuch as the trustee had questioned compliance with 9–306(4)(d)—(3) and (4) were essential elements of the secured creditors' claims thereunder.

## CONCLUSIONS OF LAW

The secured creditors were provided an opportunity to be heard on December 10, 1980 and they could have presented evidence to establish their claims at that time. Because they offered no evidence on essential elements, they failed to meet their burdens of proof.[7] This court was bound to deny their claims.

If the issues upon which the secured creditors failed to present evidence had not, in fact, been in dispute, the parties could have so stipulated at the December 10, 1980 hearing; further proof may not have been necessary. No such stipulation was made.

Nor have allegations been made by the secured creditors that there is newly discovered evidence which they, by due diligence, could not have discovered within the time allowed by Rules 812 and 923 for a motion for a new trial.

The secured creditors' reasons for failing to present evidence which they could have produced earlier are inadequate. *See, In re Albert & McGuire Securities Co. Inc.*, 1 CRR 744 (S.D.N.Y.1975). Moreover, the court finds no misapplication of law. The secured creditors have cited no statute (other than those to which reference is herein made) which they claim should have been applied by the court in reaching its July 10, 1981 decision.

No timely appeal was made by the secured creditors as provided for in Bankruptcy Rule 802 and no motion was made by them within the ten-day period following

---

7. No determination was made by the court that "identification and tracing of proceeds from specific sales of merchandise in which Secured Creditors had a perfected security interest was eliminated by Section 36–9–306(4)(d)(ii)" as the secured creditors have implied; no such determination was necessary.

this court's July 10, 1981 order, for a new trial or rehearing as provided for in Bankruptcy Rules 812 and 923, which incorporate Rule 59 of the Federal Rules of Civil Procedure.

### ORDER

Insufficient cause having been shown for this court to reconsider its order of July 10, 1981, the motion for reconsideration should be, and it hereby is, denied, and

IT IS SO ORDERED.