**In re TOWNSEND FARMS, INC., Debtor.**

**Bankruptcy No. 83–01006.**

United States Bankruptcy Court, D. South Carolina.

Aug. 16, 1984.

Angela L. Henry, Columbia, S.C., for debtor.

Leo A. Dryer, Columbia, S.C., for creditor.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the court upon the objection of Townsend Farms, Inc. (the debtor) to the proof of claim (Claim No. 8, Bankruptcy No. 83–01006) filed by Northwest Leasing, Inc. (the creditor) on the grounds that: (1) the proof of claim was not filed timely; and, even if timely, (2) Northwest Leasing, Inc. has failed to prove its claim. This court, agreeing with the debtor's position, holds that the claim should be disallowed for both reasons.

### FACTS

On June 29, 1983, Townsend Farms, Inc. filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code (11 U.S.C. § 101). The debtor remained in possession and continued to operate the farm pursuant to 11 U.S.C. § 1108. The last day within which to file a claim against the debtor estate was October 10, 1983.

The schedules and statement of affairs filed by the debtor listed Northwest Leasing, Inc. as a disputed creditor, holding a $62,039.34 claim.

On December 1, 1983, this case, Townsend Farms, Inc., Bankruptcy No. 83–01006, was consolidated with the Bankruptcy No. 83–01311 case filed by Harvey E. Townsend. The last day within which to file a claim in the Harvey E. Townsend case, Bankruptcy No. 83–01311, was filed by order of this court as December 31, 1983. Northwest Leasing, Inc. filed a proof of claim against Townsend Farms, Inc. pursuant to 11 U.S.C. § 501(a), on December 27, 1983 for $62,039.34 (Claim No. 8). The claimant did not specify whether the claim is secured or unsecured, and whether the claim is entitled to priority status.

Thereafter, the debtor, pursuant to § 502(a), filed an objection to the proof of claim, stating that Northwest Leasing, Inc. filed its claim after the last day designated by the court within which claims should have been filed, and even if the proof of claim had been filed timely, that the debtor was not indebted to the creditor because the debtor is not a party to the Lease Agreement under which the claim is made inasmuch as the debtor had not signed or authorized the execution of the Lease Agreement on its behalf. The debtor contends that the signature on the Lease Agreement which purportedly binds the debtor is a forgery, and that the debtor had no notice of the Lease Agreement until an agent of Northwest Leasing, Inc. communicated with the debtor some months after the date shown on the agreement.

Northwest Leasing, Inc. claims—and the debtor disputes—that the signature which appears on the Lease Agreement is that of Harvey E. Townsend, an agent of the debtor.

## ISSUES

The issues are: first, whether Northwest Leasing, Inc. filed timely it proof of claim, and, second, whether the signature affixed to the Lease Agreement is the signature of Harvey E. Townsend as agent for the debtor.

1. The last day for filing claims against Townsend Farms, Inc. (Bankruptcy No. 83–01006)

## MEMORANDUM AND CONCLUSION

### I

The debtor contends that because Northwest Leasing, Inc. failed to filed timely the proof of claim it should be disallowed. Claimant takes the position that since debtor's case (Townsend Farms, Inc., Bankruptcy No. 83–01006) has been consolidated with the case of Harvey E. Townsend (Bankruptcy No. 83–01311) and since the last day within which to file a proof of claim in Case No. 83–01311 was December 31, 1983, claimant's filing its proof of claim on December 27, 1983 was timely.

The court finds that claimant did not file timely its proof of claim because claimant filed it against Townsend Farms, Inc. (which had listed claimant as a creditor) more than two (2) months after the last day fixed by the court within which to file a claim had passed in the Townsend Farms, Inc. case (Bankruptcy No. 83–01006).[1] Therefore, the objection of the debtor to the allowance of the claim should be sustained and the claim disallowed.

### II

Even if claimant had filed timely its proof of claim, the claim should be disallowed for lack of proof.

Under Bankruptcy Rule 3001(f), the filing of a valid proof of claim establishes *prima facie* evidence of the claim thereby putting on the debtor the burden of going forward and producing sufficient evidence to rebut the claim. *In re Record Club of America, Inc.*, 18 B.R. 456 (Bankr.M.D.Pa. 1982); *In re Good Hope Industries, Inc.*, 16 B.R. 719 (Bankr.D.Mass.1982); *In re John J. Orr & Sons, Inc.*, 22 B.R. 874 (Bankr.D.R.I.1982); *In re Conklin's, Inc.*, 14 B.R. 318 (Bankr.D.S.C.1981). That placed the burden on the debtor to come forward with probative evidence to substantiate its contention that the debtor had

was fixed by order of this court as October 10, 1983.

not signed, nor authorized the signing of the Lease Agreement. *See, In re South Atlantic Packers Ass'n., Inc.*, 30 B.R. 836 (Bankr.D.S.C.1983); *In re King Resources Company*, 20 B.R. 191 (D.Colo.1982).

The claimant's only witness at trial said that he mailed the Lease Agreement from Minnesota to claimant's local office in South Carolina for execution, and that the Lease Agreement and Financing Statement were returned with signatures thereon. No one claimed to have seen the execution of the Lease Agreement.

The debtor introduced into evidence the driver's license which bears the signature of Harvey E. Townsend. That signature appeared different from that which is shown on the Lease Agreement. The signatures of Harvey E. Townsend which appear on the reports filed for Townsend Farms, Inc. are different from those which appear on the Lease Agreement. Harvey E. Townsend testified that he had no knowledge of, and did not sign, the Lease Agreement, and that neither he nor Townsend Farms, Inc. received any benefit from the Lease Agreement.

This court finds as a fact that the signature which appears on the Lease Agreement is not that of Harvey E. Townsend; and that the debtor neither signed nor authorized the signing of the Lease Agreement. Thus, the debtor has satisfied its burden of overcoming the *prima facie* evidence of the filed proof of claim. Because the evidence raised substantial question of fact, Northwest Leasing, Inc. had the ultimate burden of proving its claim, *In re John J. Orr & Sons, Inc., supra;* it has not met that burden. For this additional reason the objection to the proof of claim should be sustained.

## ORDER

IT IS ORDERED, ADJUDGED AND DECREED that proof of claim No. 8 filed by Northwest Leasing, Inc. should be, and it is, hereby, disallowed.