J. BLAINE ANDERSON, Circuit Judge:
 

 Defendant General Motors Acceptance Corp. (GMAC) appeals from a district court order affirming a bankruptcy court judgment in favor of plaintiff Curtis Danning (Trustee) for recovery of excess dividends. We affirm.
 

 The old Bankruptcy Act, now repealed, governs the disposition of this appeal. Under the provisions of that Act, the Trustee could prepare an order for payment of dividends and submit it to the bankruptcy court for review and approval. In the event that an error was made in such an order, section 57(k), 11 U.S.C. § 93(k), provided the bankruptcy court with summary jurisdiction to reconsider the order and amend it “in whole or in part according to the equities of the case.”
 
 [1]
 
 If an erroneous dividend had already been paid, section 57
 
 (l)
 
 provided the bankruptcy court with summary jurisdiction to order that the dividend previously paid be returned.
 
 [2]
 

 See In re Madden,
 
 388 F.Supp. 47, 50-51 (D.Idaho 1975).
 

 Contrary to the position taken by Trustee, we do not find that section
 
 57(1)
 
 gives the Trustee an absolute right to re-
 
 *482
 
 cover an excess dividend. Section 57(k) explicitly requires the bankruptcy court to consider the equities of the particular case when amending an order of payment. It would make no practical or logical sense to find that the very next section, 57(l), which gives the court the power to order repayment of dividends pursuant to the amended order, must be implemented without regard to the same equitable considerations. Under such a reading, a trustee could evade any practical consideration of equities by first filing an amended order with the court ex parte, as commonly done, and then seeking enforcement of that amended order in a separate action pursuant to section 57(7). A plain and fair reading of the Act does not support such a result, nor could such a result have been intended by the drafters. Sections 57(k) and 57(7) must be read together and the bankruptcy court should, therefore, weigh the equities of the circumstances before ordering repayment of erroneously paid dividends.
 
 [3]
 

 We are satisfied that the bankruptcy court in this ease has considered the circumstances and weighed the equities. The court’s findings of fact display an awareness of the situation and how it came about, including the roles played by and potential effects on the various parties. For example, the court noted that GMAC was overpaid due to an error in the order of payment as prepared by Trustee and signed by the court. Further, the court noted that after receiving the excess payment, GMAC executed satisfactions of judgment and full releases, including a re-conveyance of a deed of trust, in favor of the debtor. The court also pointed out that, upon learning of the mistake, GMAC made only minor efforts to collect the overpayment from the debtor. And, significantly we think, the court noted that the overpayment came about due to the omission of another creditor from the original payment order, “an omission that unfairly deprived that creditor of its rightful dividend.” These factors and many more, such as the remedies still available to recover payment from the debtor, go into the balancing of equities under sections 57(k) and
 
 51(1).
 
 This balancing of equities is a factual process and the resulting tip of the scales is a factual determination. Consequently, although the underlying facts are undisputed, the clearly erroneous standard of review applies to the decision ordering repayment.
 
 See Anderson v. Bessemer City,
 
 — U.S. -, -, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985); Fed.R.Civ.P. 52(a).
 

 We cannot say that the bankruptcy court and district court were clearly erroneous in ordering GMAC to repay the excess dividend. Due to its proximity to the parties and issues, the bankruptcy court is in the best position to get a feel for the equities of the case. Our position, for obvious reasons, is far less advantageous. The bankruptcy court’s decision in favor of Trustee was based upon a proper balancing of the equities in this case, as evidenced by the findings of fact. In light of the entire record before us, we conclude that the bankruptcy court’s decision is plausible and reasonable. Consequently, it cannot be clearly erroneous.
 

 Accordingly, the judgment of the district court is AFFIRMED.
 

 [1]
 

 . 11 U.S.C. § 93(k):
 

 "Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, before but not after the estate has been closed."
 

 [2]
 

 . 11 U.S.C. § 93(f):
 

 "Whenever a claim shall have been reconsidered and rejected, in whole or in part, upon which a dividend has been paid, the trustee may recover from the creditor the amount of the dividend received upon the claim if rejected in whole, or the proportional part thereof if rejected only in part, and the trustee may also recover any excess dividend paid to any creditor. The court shall have summary jurisdiction of a proceeding by the trustee to recover any such dividends.
 

 [3]
 

 . The little available case law on this question supports our conclusion. For example,
 
 Elliott v. Maynard,
 
 40 F.2d 17 (6th Cir.1930), cited by both parties, holds "that the mere payment of dividend upon a claim cannot operate as an estoppel to a petition later filed to re-examine and expunge." 40 F.2d at 18. The implication left by the
 
 Elliott
 
 court is that payment plus something more, such as a material change in position, could operate as an estoppel. Further, in
 
 In re Minskoff-Dorman Co.,
 
 444 F.2d 516 (9th Cir.1971), this court said that
 

 “A referee in bankruptcy has authority to reconsider an order previously entered, even though the time for filing a petition for review from the order has expired, where a party has not changed his position to his prejudice in reliance upon the supposed finality of the order.”
 

 444 F.2d at 517. Although the situation we addressed in
 
 Minskoff-Dorman
 
 was different, we nevertheless were required to interpret section 57(k).
 
 See also
 
 Collier on Bankruptcy, 14th ed., vol. 3 (1964) (superseded) at pp. 402-403.