Kristine Ballantyne EWELL, Appellant,

v.

Steven D. DIEBERT, Chapter 11 Trustee, A.B. Ewell, Jr., Millerton New Town Development Company, Western Farm Credit Bank, and Victor Anderson, Appellees.

No. CV F-90-253 EDP.

United States District Court, E.D. California.

Sept. 6, 1990.

---

---

Richard A. Harris, Wild, Carter, Tipton & Oliver, Fresno, Cal., for Kristine Ballantyne Ewell.

Albert J. Berryman, Lerrigo, Nibler, Moss, Berryman & Coleman, Fresno, Cal., for Trustee Steven D. Diebert.

Riley C. Walter, McCormick, Barstow, Sheppard, Wayte & Carruth, Fresno, Cal., for A.B. Ewell, Jr.

John P. Eleazarian, Kimble, MacMichael & Upton, Fresno, Cal., for Millerton New Town Development Co.

Gregory Roberts, Fresno, Cal., for Western Farm Credit Bank.

Robert L. Jones, Jr., Richardson, Jones & Esraelian, Fresno, Cal., for Victor Anderson.

James Snyder, Office of U.S. Trustee, Fresno, Cal., for U.S.

## MEMORANDUM DECISION

PRICE, District Judge.

This case involves two separate appeals from orders filed by Richard T. Ford, Bankruptcy Judge, Eastern District of California.

The first appeal is from an order of the bankruptcy court granting the trustee's motion for authorization to sell certain property of the estate. The second appeal is from the bankruptcy court's order denying the appellant's motion to set aside the close of escrow, established to affect the sale, and for a stay of the order authorizing the sale pending appeal.

The following facts are relevant to both appeals:

The debtor is the wife of the appellee A.B. Ewell, Jr. Marital termination proceedings were pending when the appellant's petition in bankruptcy was filed. This Court is not informed as to the present status of the marital termination proceedings.

A community interest in property located at Millerton and Auberry, Fresno County California, was part of the bankruptcy estate of the appellant.

On November 21, 1989, the bankruptcy court approved the sale of the Millerton and Auberry property in the estate to New Cities Development Corporation ("NCDC") for a total price of $8,059,000, with $6,579.000 to be paid at the close of escrow. Although the bankruptcy judge approved this application, there were objections filed by a creditor and others that the prospective purchaser was not being required to put up a nonrefundable deposit on the property at the time the sale was approved. This was because neither the appellant, nor her estate, could complete all of the preliminary steps necessary to deliver the property to a buyer ready to develop. The buyer would have to expend considerable time, money and effort to determine whether these steps could be completed. All other parties present at the hearing, including the appellant and appellees, agreed to the order.

By December 13, 1989, it became apparent that the prospective buyer NCDC could not meet the terms of the escrow, and it was going to fail. Appellant and the president of the buyer corporation filed declarations in support of a motion to extend the escrow established in the pending sale. No transcript of this proceeding was furnished to this Court, so the Court is in the dark as to what was presented to the bankruptcy court. Based on what is before this Court, however, NCDC did not offer to put up a non-refundable deposit to insure the bankruptcy estate against loss accruing due to the delay in the close of escrow. The bankruptcy court denied the order on January 16, 1990.

On January 22, 1990, the trustee's subsequent motion to sell the property to Millerton New Town Development Company ("MNDC") came on for hearing. Debtor appeared by counsel and objected to the sale on the ground that the offer did not represent the fair market value of the property. During the hearing, the bankruptcy judge ruled on certain objections to the declaration filed by the appellant.

The bankruptcy court sustained the various objections to appellant's declaration. Counsel for appellant neither objected to the rulings as a matter of law, made an offer of proof to overcome the objections, nor requested a continuance to offer competent testimony to overcome the objections. Indeed, the only objections voiced by appellant's counsel at the hearing were that 1) sufficient notice to prospective buyers had not been given; and 2) the procedures for a bidder qualifying were preset, and did not constitute an open auction.

The bankruptcy court overruled the objections. It was pointed out, and approved by the court, that the property had been on the market since July, 1988, some six (6) months, that the tentative subdivision map was then in existence only by reason of a temporary extension, and that if it expired, the estate did not have the assets to have it reinstated.

The bankruptcy court heard the trustee's summation of the terms of the sale, asked for bids of those present, but received none. Significantly, debtor's counsel did not apply to the bankruptcy court or to the district court for an order staying the bankruptcy court's order pending debtor's appeal from the order approving the sale to MNDC.

Thereafter, the escrow established to consummate this sale closed on February 2, 1990.

Appellant filed a notice of appeal from the foregoing order confirming the sale on February 2, 1990. Appellant also filed a motion to set aside the close of escrow and for a stay of the order pending appeal. Presumably, the appellant was moving the bankruptcy court to stay the close of escrow pending the appeal of the order confirming the sale. The bankruptcy court denied appellant's motion. Thereafter, appellant appealed that order.

### STANDARD OF REVIEW

We stand in the same position as did the district court in reviewing the bankruptcy court's order. *In re Center Wholesale, Inc.,* 759 F.2d 1440, 1445 (9th Cir.1985); *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 814 (9th Cir.1985). We review the bankruptcy court's conclusions of law de novo, and its factual findings for clear error. *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1377 (9th Cir.1985); *In re Jules Meyers Pontiac, Inc.,* 779 F.2d 480, 482 (9th Cir.1985). *In Re Pacific Far East Lines, Inc.,* 889 F.2d 242, 244–45 (9th Cir.1989).

It is the Court's determination that the same principle of law is dispositive of both appeals.

Again, we look at the dates of the significant events.

After the hearing on the trustee's motion for an order authorizing the sale (the order was issued on January 22, 1990) an escrow to consummate the sale was opened. That escrow closed, and the deed to MNDC was recorded on February 2, 1990. While debtor's counsel filed an appeal from the order authorizing the sale on February 2, 1990, he took no steps to stay the order authorizing the sale from its inception.

On February 9, 1990, seven (7) days after the escrow closed, the appellant filed a motion to set aside the close of escrow, and for a stay of the order authorizing the sale pending the appeal. Appellant's counsel made no interim effort to obtain an order that would either expedite the hearing, or protect the integrity of the estate pending the determination of the motion, or the appeal.

At the hearing before the bankruptcy judge, appellant's counsel argued that the sale was consummated during the time the automatic stay was in effect provided by Rule 62 of the Federal Rules of Civil Procedure. The bankruptcy court took the position that a stay following a sale by the bankruptcy court pursuant to Bankruptcy Code section 363 [1] was not affected by Rule 62, Federal Rules of Civil Procedure. The Court agrees with the bankruptcy judge. Counsel for the appellant overlooks the effect of 11 U.S.C. section 363(m). That section provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

In *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 187 (9th Cir. 1977), the appellate court was faced with the same problem. In that case, the trustee sold or leased the various properties during the pendency of the appeals, in accordance with the authority granted him by the district court. Utilizing the rule in *Mills v. Green*, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895), the trustee in *Combined Metals, supra*, argued that the appeals should be dismissed as moot because the appellate court could not grant the relief sought by the appellant. Specifically, since the sales, leases and options had long since been consummated, the trustee there contended

that a reversal of the various district court orders would be ineffective to undo what had already been done. Since the appellant did not obtain stays of the lower court orders pending the outcome of his appeals, the trustee argued that he was justified in acting in accordance with those orders, and that his actions were now irreversible. According to the trustee, Bennett was therefore left without any effective remedy, and as a result, his appeals were held moot.

The court in *Matter of Combined Metals Reduction Co., supra,* 557 F.2d at 191, concluded as follows:

> In short, we reject all of the appellant's arguments against the trustee's motion to dismiss the property appeals for mootness. None of the exceptions to the mootness doctrine are applicable, and in view of the fact that the trustee only acted to implement the district court's orders, we see no reason why his conduct should preclude a conclusion of mootness.

In *In re Royal Properties, Inc.*, 621 F.2d 984 (9th Cir.1980), the court was again faced with an appeal from an order authorizing a sale. The court stated as follows:

> This court was faced with this precise issue in *In re Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir.1977). In that case, creditors appealed from the district court's order authorizing sale, but failed to obtain a stay. While the appeal was pending, the trustee in bankruptcy sold the property. The court held that the case was moot, because the orders appealed from had already been carried out, and the purchasers were not parties to the appeal. The court stated, "Those transfers simply cannot be voided or rescinded by us in this proceeding, where the purchasers, lessees, and optionees are not parties, and where the transactions have been consummated by the trustee." *Id.* at 190. The appellants could not attack the order, because the appeal had been mooted, and they could not challenge the sale itself. "In order to obtain the latter relief, he would be required to bring a new action and join

---

1. The parties apparently are in agreement that the sale was held pursuant to 11 U.S.C. § 363.

the buyers and lessees as parties." *Id.* at 189.

*In re Royal Properties, Inc., supra,* 621 F.2d at 986.

The critical event in this case was the entry of the order by the bankruptcy court authorizing the second sale to go forward. Absent actions by the appellant to stop the judicial machinery at this point, the rights of the non-party purchasers have ripened into a property interest that now cannot be voided.

Bankruptcy Rule 8005 provides:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a ˙bond or other security shall not be required.

Clearly, had application to the bankruptcy court not been successful, the appellant had recourse to apply to the district court. Now there is no way that the legal effect of this sale can be undone.

A final point that should be made is the concern evidenced by the Bankruptcy Code and Rules regarding the real parties in interest—the purchasers. They are not parties to this action, and a judgment of the court cannot affect their title to the property purchased. A timely request for a stay pending appeal would have afforded a court the opportunity to adjudicate the conflicting interests of the appellant and the creditors of the estate.

Having decided these appeals are moot, the Court need not concern itself with the evidentiary rulings of the bankruptcy court.

Accordingly, the orders of the bankruptcy court are affirmed, and the debtor's appeals are ordered dismissed.